In the Matter of JEWISH MENTAL HEALTH SOCIETY, Appellant, against VILLAGE OF HASTINGS et al., Respondents.

(Argued September 30, 1935; decided October 8, 1935.)

*Sidney Newborg* and *Donald L. Newborg* for appellant. The hospital is not an insane asylum. Therefore, its location is not barred by the zoning ordinance. (*People ex rel. Board of Charities* v. *N. Y. Soc. P. C. C.*, 161 N. Y. 233; 162 N. Y. 429; *City of Rochester* v. *Rochester Girls' Home*, 194 N. Y. Supp. 236.) The attempt to exclude charitable institutions from residential districts is unconstitutional, arbitrary and void. (*Women's Kansas City St. Andrews Soc.* v. *Kansas City*, 58 Fed. Rep. [2d] 593; *Continental Oil Co.* v. *City of Twin Falls*, 49 Idaho, 89; *Ignaciunas* v. *Risley*, 98 N. J. L. 712; 99 N. J. L. 389; *Matter of Stevens* v. *Clarke*, 216 App. Div. 351; *Matter of Barker* v. *Switzer*, 209 App. Div. 151; 238 N. Y. 624; *Jewish Consumptives' Relief Society* v. *Town of Woodbury*, 230 App. Div. 228; 256 N. Y. 619; *Jardine* v. *City of Pasadena*, 199 Cal. 64; *Village of University Heights* v. *Cleveland Jewish Orphans Home*, 20 Fed. Rep. [2d] 743; 275 U. S. 569; *State of Washington ex rel. Seattle Title Trust Co.* v. *Roberge*, 278 U. S. 116; *Nectow* v. *City of Cambridge*, 277 U. S. 183; *Buchanan* v. *Warley*, 245 U. S. 60; *Liggett Co.* v. *Baldridge*, 278 U. S. 105; *Village of Terrace Park* v. *Errett*, 12 Fed. Rep. [2d] 240.)

*John J. Dillon* and *William D. Cunningham* for Village of Hastings et al., respondents. The petitioner's institution is used and is to be used as an asylum for the insane, a use which is expressly prohibited by the zoning ordinance. (*People* v. *Shakun*, 251 N. Y. 107; *Cooper-Snell Co.* v. *State*, 230 N. Y. 249; *People ex rel. Kemp* v. *D'Oench*, 111 N. Y. 359; *Doyle* v. *City of Troy*, 138 App. Div. 650; 202 N. Y. 625.) The ordinance is a reasonable exercise of the police power and is constitutional. (*People ex rel. A. P. C. Co.* v. *Knapp*, 230 N. Y. 48; *N. Y. C. R. R. Co.* v. *Williams*, 199 N. Y. 108; *Skaneateles Water Works Co.* v. *Village of Skaneateles*, 161 N. Y. 154; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365; *People ex rel. St. Albans-*

*Springfield Corp.* v. *Connell,* 257 N. Y. 73.) The petitioner has no right to construct the proposed building as a non-conforming use. (*American Wood Products Co.* v. *City of Minneapolis,* 21 Fed. Rep. [2d] 440; 35 Fed. Rep. [2d] 657; *State ex rel. City Ice & Fuel Co.* v. *Stegner,* 120 Ohio, 418; *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684; *Thayer* v. *Bd. of Appeals of City of Hartford,* 114 Conn. 15; *People ex rel. Publicity Leasing Co.* v. *Ludwig,* 218 N. Y. 540; *Fox Lane Corp.* v. *Mann,* 216 App. Div. 813; 243 N. Y. 550; *Rice* v. *Van Vranken,* 225 App. Div. 179; 255 N. Y. 541; *Town of Ramapo* v. *Bockar,* 151 Misc. Rep. 613.)

*John J. Bennett, Jr., Attorney-General (Henry Epstein* of counsel), for Frederick W. Parsons, as Commissioner of the Department of Mental Hygiene, et al., respondents.

*Per Curiam.* The evidence sustains the finding that the institution of the appellant is an asylum for the insane. In the circumstances the zoning ordinance is a valid exercise of authority reasonably conferred for the general welfare.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.