JEWISH MENTAL HEALTH SOCIETY, Respondent, *v.* VILLAGE OF HASTINGS-ON-HUDSON and Others, Appellants. (Action No. 1.)

JEWISH MENTAL HEALTH SOCIETY, Respondent, *v.* VILLAGE OF HASTINGS-ON-HUDSON and Others, Appellants. (Action No. 2.)

JEWISH MENTAL HEALTH SOCIETY, Respondent, *v.* TOWN OF GREENBURGH and Others, Appellants. (Action No. 3.)

Second Department, July 1, 1938.

*William D. Cunningham*, for the appellants.

*Sidney Newborg* [*Donald L. Newborg* with him on the brief], for the respondent.

HAGARTY, J. Plaintiff, a membership corporation duly licensed to operate and maintain an institution " for the care, custody and treatment of mental diseases," is operating such institution in the village of Hastings on a parcel of real property consisting of approximately fifty-three acres. Upon part of this land, consisting of about four acres, there are erected the buildings used primarily for the housing of patients and the structures incidental thereto. The remainder consists of cultivated fields and grounds used for recreational purposes. Plaintiff is supported by funds received from members, income from invested funds, grants from charitable

organizations, and such fees as are received from patients. It is a non-profit and charitable institution. Patients were first admitted by it on the 16th day of June, 1927, after it had acquired the property by purchase on the 1st day of April, 1927.

The defendant village included on its assessment roll of taxable real property for the year 1928, a tax assessment of $1,006.20 against this property, and, for 1929, a similar assessment of $632.10. The defendant town exempted the property from taxation for the years 1928 and 1929, but, for the year 1930, entered a tax assessment in the sum of $679.60. With the possible exception of the town assessment, there were excluded from the property so taxed the four acres upon which plaintiff's main buildings are erected. These assessments are the subjects of the three actions resulting in the judgments under review.

Upon sufficient evidence, the trial court found that " Plaintiff is a corporation organized exclusively for one or more of the purposes set forth in Tax Law, Section 4, Subdivision 6,▌ and its real property is used exclusively for carrying out thereupon one or more of such purposes." All the facts necessary to show that plaintiff is entitled to tax exemption have been established. A dispute arises, however, concerning the legality of the use by plaintiff of the buildings primarily used to house patients, for the reason that plaintiff has never obtained from the village board of health the consent required by section 343 of the Village Law.

Immediately prior to the commencement of the present actions in 1930, plaintiff planned to supplement its housing facilities suitable for but forty-one patients by the erection of a large, new building with accommodations for several hundred patients. Upon a building inspector's refusal to issue a building permit, plaintiff commenced a mandamus proceeding to compel its issuance. Among other defenses, the defendant village, in that action, alleged the failure to procure the necessary consent relating solely to a " building or tent," the use of which without the consent of the board of health of such village is prohibited. (Village Law, § 343.) We affirmed a dismissal of the mandamus proceeding on the ground that this section of the Village Law was applicable. (*Matter of Jewish M. H. Soc.* v. *Vil. of Hastings*, 243 App. Div. 707.) The Court of Appeals affirmed, however, on a different ground also alleged as a defense, namely, that a prohibition contained in the village zoning ordinance against an " asylum for the insane " within a residence use district was a valid exercise of authority and that, inasmuch as the evidence sustained a finding that the institution was within

that category, a permit for the erection of such a proposed additional building was properly denied (268 N. Y. 458). Despite affirmance by the Court of Appeals upon a ground different from that assigned by this court for its affirmance, the appellants contend that our holding, so long as it was not specifically reversed, remains conclusive. This would be so, were it not for the fact that, upon motion, the Court of Appeals amended the remittitur to state that a question under the Federal Constitution, with respect to the zoning ordinance, had been presented and was " necessarily passed upon by this court." (269 N. Y. 562.) If our holding, based upon section 343 of the Village Law, had been determinative of the question, there would have been no necessity for passing upon the constitutionality of the zoning ordinance. (*Lynch* v. *New York*, 293 U. S. 52.) Under such circumstances, the implication is clear that non-compliance with section 343 of the Village Law did not justify the refusal of a permit for the erection of another building, and it necessarily follows that plaintiff's use of the property, despite such non-compliance, was not illegal.

Irrespective of statutory provisions which are merely *mala prohibita*, a contract, in essence, is not thereby rendered unenforcible. (*Rosasco Creameries, Inc.*, v. *Cohen*, 276 N. Y. 274.)

The distinction applies with respect to plaintiff's use of the land in question. The concern of the taxing authority is not with the observance or non-observance by plaintiff of regulatory provisions relating to a specific building, but to the use to which the real property as an entity is or is intended to be devoted. The property is tax exempt, even in the absence of suitable buildings or improvements for the prescribed purposes, if construction thereof is in good faith contemplated by such corporation. If there were no building at all on the real property, it would still be tax exempt if the corporation, in good faith, intended to use it for the prescribed purposes. The good faith of the corporation in this respect is manifest. The real property is being devoted to the prescribed purposes and the plaintiff is entitled to tax exemption unless and until it ceases to use the real property therefor.

The judgments should be affirmed, with costs.

LAZANSKY, P. J., and CLOSE, J., concur; ADEL, J., with whom CARSWELL, J., concurs, dissents and writes for reversal and a dismissal of the complaints.

ADEL, J. (dissenting). I dissent. The judgment in favor of the plaintiff-respondent in each action should be reversed on the law and the complaint dismissed.

The validity of section 343 of the Village Law and the fact of plaintiff's non-compliance with the terms thereof have been determined. (*Matter of Jewish M. H. Soc.* v. *Vil. of Hastings*, 243 App. Div. 707; affd., 268 N. Y. 458.) Tax exemption, which is not a right, but a privilege allowed by statute, should not be granted a party who has not complied with section 343 of the Village Law. Section 4 of the Tax Law does not hold otherwise.

CARSWELL, J., concurs.

Judgments affirmed, with costs.