## (April 26, 1943.)

In the Matter of LADYCLIFF COLLEGE, Respondent. ARTHUR ELSEN et al., as Assessors of the Town of Highlands, Appellants.

HAGARTY, J. (dissenting). The petitioner is a corporation organized exclusively for educational purposes and without pecuniary profit. The question presented

is whether certain of its unimproved realty is exempt from taxation pursuant to the Tax Law (§ 4, subd. 6) because it holds the land in conditional rather than absolute fee. The statute invoked affords a tax-exempt status for realty of a corporation organized exclusively for nonprofit educational purposes, among others, and "used exclusively for carrying out thereupon one or more of such purposes." The property, it is further provided, is also tax exempt, though not in actual use for the purposes designated by reason of the absence of suitable buildings or improvements thereon, " * * * if the construction of such buildings or improvements is in progress, or is in good faith contemplated by such corporation or association; *or if such real property is held by such corporation or association upon condition that the title thereto shall revert in case any building not intended and suitable for one or more such purposes shall be erected upon said premises or some part thereof.*" (Italics supplied.)

The parcel of realty with which we are here concerned formerly was owned by the Missionary Sisters of the Third Order of St. Francis, a membership corporation which conducted an academy on adjoining tax-exempt property. It was held to be taxable while in that ownership for the reason that it was not used for educational purposes. (*People ex rel. Missionary Sisters* v. *Reilly,* 85 App. Div. 71, decided in 1903, affd. 178 N. Y. 609.) The italicized portion of the above-quoted provision of the statute was added in 1906. (L. 1906, ch. 336.) This parcel, as well as other land, was conveyed by the Missionary Sisters to the petitioner in 1940, by deed providing for reversion if, among other things, there should be erected on the premises any building not intended and suitable for educational purposes.

It is conceded that both petitioner and the Missionary Sisters of the Third Order of St. Francis are corporations within the purview of the pertinent statute. The petitioner, since its creation, has been and now is conducting a college on part of the adjoining tax-exempt property formerly used as the academy grounds. Although some proof was adduced that improvements on the parcel for educational purposes were being contemplated in good faith (cf. *Jewish Mental Health Soc.* v. *Village of Hastings-on-Hudson,* 255 App. Div. 77, affd. 279 N. Y. 764), the petitioner expressly states in its brief that that feature is not an issue in this proceeding.

The petitioner's position here is that, by reason of the qualified nature of its title, the parcel is tax exempt pursuant to the amendment to the Tax Law of 1906. Although a literal construction of the provision would seem to require such a holding, I am of opinion that the addition to the law in 1906 was intended to place conditionally held property on the same plane and in the same category as that of property unconditionally held and, where the other prerequisites were present, to render such property tax exempt if actually it was being used for the prescribed purposes, or construction or improvements were in progress or in good faith contemplated. I cannot believe that the Legislature intended that property, otherwise taxable, should become exempt merely because of the form of the conveyance, by virtue of which it was not acquired in absolute fee.

The order should be reversed on the law and the certiorari proceeding dismissed. The findings of fact should be affirmed. Conclusions of law contained in the decision numbered " IV," " V," " VIII," " IX," " X," and " XI " should be struck out, and proposed conclusions of law of the assessors numbered " 1," " 3 " and " 4 " should be allowed.