## Harward et al. v. Haas et al.

*Mark T. Milnor*, for plaintiff.

*James H. Duff*, Attorney General, *H. Albert Lehrman* and *Wm. M. Rutter*, for Commonwealth.

*H. F. Stambaugh*, for Cheyney Training School.

*Bernard L. Lemisch* and *Alfred I. Ginsburg*, for owners.

HARGEST, P. J., June 30, 1947.—This is a bill in equity asking for an injunction.

## Abstract of bill

The bill avers that plaintiffs are citizens and taxpayers of Thornbury Township, Delaware County, Pa., and defendants are the Superintendent of Public Instruction and the Secretary of the Department of Property and Supplies of the Commonwealth of Pennsylvania, the Cheyney Training School for Teachers, and two individuals who are owners of land in said township upon which is erected a large three-story stone building known as "Tanglewood Villa"; that Thornbury Township, pursuant to the authority of the Act of July 1, 1937, P. L. 2624, did, on February 7, 1944, adopt a zoning ordinance; that the property above referred to is within the "A-Resident District" defined by said ordinance; that the Superintendent of the State Department of Public Instruction and the Secretary of the Department of Property and Supplies, representing the Commonwealth of Pennsylvania, are about to execute a lease with individual defendants for the property in said township for the purpose of using the said property as a dormitory for 50 or more students of the Cheyney Training School for Teachers; that defendants have not made application to the Board of Adjustment of Thornbury Township for a special exception to use said property for the purposes mentioned, as required by the zoning ordinance.

Plaintiffs aver that the contemplated action of defendants exceeds the power vested in the officials, and pray for an injunction.

## Abstract of answer

The answer admits all of the allegations of fact; avers that a lease has been executed, a copy of which is attached to the answer, but denies that the execution of the lease is contrary to the zoning ordinance.

Defendants aver that the Commonwealth is not bound by the zoning ordinance to make application to the board of adjustment.

The answer also avers new matter, in that the Commonwealth is not bound by the zoning ordinance, and that it is the duty of the Department of Public Instruction to administer the Cheyney Teachers College, and of the Department of Property and Supplies to negotiate for the leasing and improvements needed by said institution. It asks that the bill be dismissed.

### Discussion

The precise question in this case is whether the Commonwealth is bound by the zoning ordinance of the township, so as to prevent the Commonwealth from leasing property for the proper operation of a training school for teachers.

That the public school system is a part of the governmental functions of the State cannot be questioned. Section 1 of article X of the Constitution provides that "The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public schools".

The Act of May 18, 1911, P. L. 309, 24 PS §1812, as amended, provides that "The (teachers') colleges shall be a part of the public school system of the Commonwealth, and their purpose the education and preparation of teachers. The colleges shall provide proper facilities for instruction in the art and science of teaching, . . . and other necessary facilities approved by the Superintendent of Public Instructon."

No further discussion is necessary to show the State is performing a governmental function in operating the Cheyney Training School for Teachers.

The question then resolves itself into whether the Commonwealth, as the sovereign, performing one of its governmental functions, is subject to the provisions of a zoning ordinance of a township of the second class.

It is true that the Commonwealth, by the Act of July 1, 1937, P. L. 2624, as amended by the Act of May 21, 1943, P. L. 304, 53 PS §19093-2201, authorized the townships of the second class to pass zoning ordinances; and, pursuant to this act, the township adopted an ordinance known as "The Thornbury Township Zoning Ordinance of 1944", which divided the township into four districts, the first of which was "A-Resident District".

The property which the Department of Public Instruction desires to lease is within that district, and the ordinance provides that a building for educational purposes may only be erected "as a special exception by the Board of Adjustment." And no exception has been made by the board of adjustment in the instant case.

The general rule, stated in Commonwealth State Employees Retirement System v. Dauphin County et al., 335 Pa. 177, is:

"Legislative enactments presumptively affect only private rights and do not embrace the rights of a sovereign unless the sovereign is explicitly designated or clearly intended." (Syllabus).

See also Commonwealth v. Pure Oil Co. et al., 303 Pa. 112; Wilkinsburg Boro. v. School District 298 Pa. 193.

In Baker et al. v. Kirschnek et al. 317 Pa. 225, plaintiffs were residents and taxpayers of the Borough of Media. By a special act of assembly incorporating the borough, it was provided that "It shall not be lawful for any person or persons to vend or sell vinous, spirituous, or other intoxicating liquors within the limits of said borough, except for medical purposes and for the use in the arts."

John Kirschnek, one of defendants, leased to the Secretary of the Department of Property and Supplies of the Commonwealth a building for the purpose of establishing and operating a Pennsylvania liquor store for the sale of alcoholic beverages. The bill prayed for

an injunction, and among the questions raised was: "Is the Commonwealth a person within the meaning of the Act of 1850?" Preliminary objections were sustained by a per curiam opinion adopting the opinion of the court below, in which it was said (page 231):

" 'Words of a statute applying to private rights do not affect those of the state. This principle is well established and is indispensable to the security of the public rights. The general business of the legislative powers is to establish laws for individuals, not for the sovereign: and when the rights of the Commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied.' See County of Erie v. City of Erie, 113 Pa. 360.

"Endlich on the Interpretation of Statutes, section 161, states: 'On probably similar ground rests the rule commonly stated in the form that the crown is not bound by a statute unless named in it. It has been said that the law is prima facie presumed to be made for subjects only: that the general business of the legislative powers is to establish laws for individuals, not for the sovereign. At all events, the crown is not reached except by express words, or by necessary implication, in any case where it would be ousted of an existing prerogative or interest. It is presumed that the legislature does not intend to deprive the crown of any prerogative right or property unless it expresses its intention to do so in explicit terms or makes the inference irresistible.' "

This case is directly in point. The legislature, in the Baker case, had prohibited the sale of alcoholic beverages in the Borough of Media. The legislature, in the instant case, has given the township the right to pass a zoning ordinance; and the zoning ordinance, without an exception being granted, prohibits the operation of the school which the State intends to conduct. There would be too much refinement to attempt to distinguish the principles involved in the Baker case and in the in-

stant case. The principle seems to be generally accepted.

In 59 C. J., 1103, 1104, §653, it is said:

"The state and its agencies are not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication. This general doctrine applies with especial force to statutes by which prerogatives, rights, titles, or interests of the state would be divested or diminished; or liabilities imposed upon it; but the state may have the benefit of general laws, and the general rule has been declared not to apply to statutes made for the public good, the advancement of religion and justice, and the prevention of injury and wrong."

In Jewish Consumptives' Relief Society v. Town of Woodbury, 230 App. Div. 228, 243 N. Y. Supp. 686, affirmed in 256 N. Y. 619, the question arose as to whether a hospital could be located, with the approval of the New York Department of Health, in violation of a local zoning regulation which denied such construction in the community. The opinion of the Appellate Division discussed the question at great length. It was there said (p. 233):

"The question to be answered is this: Does the town zoning statute override the Public Health Law provisions in whole or in part? The State has declared that tuberculosis institutions may be established in towns. Do the zoning laws permit the town to prohibit that which the Public Health Law permits? The State has declared a policy by virtue of the Public Health Law. Have the zoning laws worked a repeal thereof so far as towns are concerned?"

The trial court held in the affirmative; the Appellate Division reversed, which reversal was sustained by the Court of Appeals.

In Wallerstein et al. v. Westchester Joint Water Works, 166 Misc. 34, 1 N. Y. S. (2d) 111 (1937), a public water authority desired to erect a water tank in a zoned "residential area". An injunction was sought on the ground that it violated the zoning ordinance. The court denied the injunction.

And in Decatur Park Dist. v. Becker et al., 368 Ill. 442, 14 N. E. (2d) 490, the question was whether a city could condemn land in a zoned residential area for park purposes. The court held that a section zoned as "A" residence district did not prevent its use for park purposes.

Plaintiffs have referred us to several cases.

In the case of Mayor and City Council of Baltimore et al. v. Linthicum, 170 Md. 245, 183 Atl. 531, the Court of Appeals of Maryland sustained the ordinance against the contention of the owner because there was only a lease limited to 10 years' duration and the property was not within the exclusive jurisdiction of the United States; and, further, that any interference of the local police regulations with the mails would be, at most, an indirect one. While this case may, so far as the lease is concerned, be somewhat in conflict with our case of Baker v. Kirschnek, supra, we certainly must follow the reasoning of our own case.

The other cases cited are not directly in point.

In O'Brien et al. v. Town of Greenburgh et al., 239 App. Div. 555, 268 N. Y. Supp. 173, and Brocoris Realty Corp. et al. v. Village of Scarsdale et al., 241 App. Div. 735, 269 N. Y. Supp. 746, cited by plaintiffs, the village, in each case, was not attempting to exercise a governmental function in violating its own ordinance.

In Jewish Mental Health Society v. Village of Hastings et al., 268 N. Y. 458, 198 N. E. 30, plaintiff was not a public health organization, but was an insane hospital which came directly within the prohibition of the zoning ordinance, and, under the circumstances, it

was held that the zoning ordinance was a valid exercise reasonably conferred for the general welfare.

For these reasons we are of opinion that the Superintendent of Public Instruction and the Secretary of the Department of Property and Supplies, in securing larger accommodations for the Cheyney Training School for Teachers, are exercising a governmental function, and are not, therefore, subordinated to the zoning ordinance of the township.

And now, June 30, 1947, the answer raising questions of law is sustained, and the bill is dismissed at the cost of plaintiffs.