J. Irwin Shapiro, J.
Motion by respondent, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the petitions herein. No question is raised as to the' *257 propriety of the procedure herein and since parties may, to a large extent, make their own procedure (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87), the matter will be determined on the merits.
Petitioner instituted two proceedings seeking cancellation of real estate tax assessments on the ground that its property is exempt from taxation because it is used for cemetery purposes. In the first proceeding, petitioner sought to review the assessment levied for the fiscal year 1955-1956. In the second proceeding, petitioner sought review of the assessments levied for the four fiscal years 1955-1956,1956-1957,1957-1958 and 1958-1959. The two proceedings were consolidated by an order of this court dated November 17, 1958.
In its memorandum, petitioner concedes that it failed to file applications for correction of the assessments during the protest periods for the tax years 1956-1957 and 1957-1958 and it consents to the dismissal of so much of the proceeding as relates to those two tax years. There remains for consideration, petitioner’s claim to exemption from taxation for the tax years 1955-1956, and 1958-1959.
The United States Cremation Co., Ltd. (hereinafter called Cremation) was organized as a stock corporation in 1884 to operate a crematory. Subsequently, a crematory and a columbarium were erected and were operated by said company from 1890 until 1954 when the columbarium was transferred to the petitioner.
During all those years, Cremation performed two functions. In cremating deceased persons, it claims that its functions were analogous to those of an undertaker in preparing a body for interment and in operating a columbarium (a building containing niches in which are placed urns containing the ashes of the deceased after cremation), it acted as a cemetery.
This dual capacity came under the scrutiny of the Cemetery Board of the State of New York (created by L. 1949, ch. 533, § 6; Membership Corporations Law, § 71-a) and after a series of conferences, it was decided that the two functions should be separated and petitioner was organized as a membership corporation to operate the columbarium. The members of this corporation are those who own niches in the columbarium. Although the columbarium has been operated continuously since 1890, first by Cremation and since 1954 by the petitioner, there is no proof that permission was ever granted by the local authorities for such operation.
Petitioner is unquestionably a cemetery corporation (Moore v. United States Cremation Co., 275 N. Y. 105) and as such *258 it needs the consent of the local legislative body before it may operate in the County of Queens (Membership Corporations Law, § 73). Until such consent is obtained, its operation is illegal and, therefore, it is not entitled to tax exemption. (Matter of Oxford Group-Moral Re-Armament, MRA v. Sweet, 309 N. Y. 744.)
In that case there were two proceedings before the court — one involved the Town of New Castle and the other the Town of North Castle. Petitioner’s property lay in both towns. It sought exemption from taxation because of its incorporation for and engagement in “ activities of religious, charitable or educational nature.” The opinion of the Referee at Special Term found “ That the premises were used exclusively by the petitioner for such purposes ”. He then granted it an exemption from taxation as to its property in North Castle, but denied it exemption as to its property in New Castle on the ground ‘ ‘ That the use of the premises by the petitioner within the Town of New Castle on the taxable date referred to and since said date was and is in violation of the zoning ordinance of the Town of New Castle and that said violation constitutes a complete defense to the petitioner’s application for exemption from the payment of taxes on said property, and that .consequently proceedings instituted by the petitioner against the Town of New Castle should be dismissed.”' The Appellate Division (283 App. Div. 1061, 1062) held that petitioner was not entitled to tax exemption of the property in either town because ‘ ‘ petitioner failed to sustain its burden of establishing its claim that, during the period in question, the property was being used exclusively for religious and/or educational purposes within the meaning of subdivision 6 of section 4 of the Tax Law.”
The Court of Appeals (309 N. Y. 744, supra), in reversing the Appellate Division and reinstating the determination of the Official Referee at Special Term, said (p. 746): “ Orders of the Appellate Division reversed and those of Special Term reinstated * * * upon the ground that the weight of the evidence supports the findings of the Official Referee that the premises of the appellant in both towns are used exclusively for exempt purposes, but that appellant is not a ‘ family ’ or a 1 church or other place of worship ’, so as to conform to the zoning ordinance of the Town of New Castle. We have considered the other points raised and conclude that the Official Referee reached the correct result.”
Thus, by reinstating the findings and determination of the Official Referee, the Court of Appeals affirmed his finding that the illegal use by the petitioner of its land in the Town of New *259 Castle, which by reason of the nature of the petitioner’s incorporation and its activities would otherwise have entitled it to tax exemption, precluded the petitioner from obtaining the benefit of such tax exemption because of its use of the property in “ violation ” of the “ zoning ordinance of the Town of New Castle.”
That case is directly in point with the situation here presented for it is conceded that the use by the present petitioner of its property was illegal until the approval thereof by the New York City Council.
Petitioner claims, however, that its right to tax exemption under subdivision 6 of section 4 of the Tax Law is independent of its authority to engage in its avowed purposes. The Oxford Group case (supra) is authority to the contrary. The two cases cited by the petitioner are readily distinguishable. In People ex rel. Oak Hill Cemetery Assn. v. Pratt (129 N. Y. 68) where the Court of Appeals held that certain cemetery property was tax exempt despite the fact that burials could not be legally made therein because of a local ordinance, the court specifically noted that the cemetery did not need the consent of the city or county authorities to its incorporation since chapter 280 of the Laws of 1852 (the forerunner of Membership Corporations Law, § 73) and certain laws amendatory thereof “ do not relate to cemeteries in the county of Monroe, and relate only to the counties mentioned in those acts ” (pp. 71-72). Queens County is one of the counties mentioned in those statutes.
Likewise, in Jewish Mental Health Soc. v. Village of Hastings-on-Hudson (255 App. Div. 77, affd. 279 N. Y. 764), the Appellate Division held that the approval of the particular building was not the determining factor. “ The concern of the taxing authority is not with the observance or non-observance by plaintiff of regulatory provisions relating to a specific building, but to the use to which the real property as an entity is or is intended to be devoted. * * * If there were no building at all on the real property, it would still be tax exempt if the corporation, in good faith, intended to use ñt for the prescribed purposes ” (p. 79). (Emphasis ours.) In the instant case, petitioner may not use the real property for its corporate purposes without the consent of the local legislative body.
Petitioner further argues that because the local legislative body has since granted its consent on October 2, 1958, such action ratified the prior use by petitioner. Local Law No. 47 of 1958 specifically provides that it “ shall take effect immedi *260 ately.” Since there is nothing in the ordinance to indicate that it was intended to have retroactive effect, it must be deemed to have prospective effect only. (Matter of Miller, 110 N. Y. 216, 223.)
It follows that petitioner was not entitled to tax exemption for any tax levied prior to October 2, 1958. The application is denied and the petitions dismissed.
Submit order.