■ In the Matter of DOLORES S. DUBBS, Appellant, v. BOARD OF ASSESSMENT REVIEW OF THE COUNTY OF NASSAU et al., Respondents.— In this proceeding pursuant to article 78 of the CPLR to restore certain municipally owned real property upon the tax rolls, petitioner appeals from an order of the Supreme Court, Nassau County, entered September 26, 1973, which dismissed the petition for lack of standing on the part of petitioner to maintain the proceeding. Order reversed, on the law, with $20 costs and disbursements to appellant against respondents, and proceeding remitted to Speical Term for a hearing on the issue of whether the current use of the subject municipally owned property entitles it to a tax exempt status. By unanimous decision, dated July 2, 1973, the defendant Board of Assessment Review (Review Board) reversed a decision of the Nassau County Board of Assessors (Assessors) and directed that the Nassau Veterans Memorial Coliseum (Coliseum) be granted tax exempt status, finding that the Coliseum's use is in furtherance of the public purposes. Petitioner, a resident-owner and taxpayer living within the taxing district encompassing the Coliseum, instituted this article 78 proceeding seeking a judgment reversing the Review Board and declaring the Coliseum to be nonexempt property. Her petition, *inter alia*, alleges that the Coliseum is not being maintained for the public use — a requirement for exempt status under section 406 of the Real Property Tax Law. Special Term dismissed the petition and in pertinent part held that petitioner lacked standing to bring the proceeding. This special proceeding seeks a judgment directing the Assessors to place nonexempt property on the tax rolls. Petitioner does not seek a judgment declaring the entire tax rolls void; nor does she seek a refund. Such a proceeding would be improper (*Van Deventer* v. *Long Is. City*, 139 N. Y. 133). However, if the Coliseum is not being maintained for the public use it is incumbent upon the Assessors to place the property upon the tax rolls. This is a continuing duty. Petitioner, in being a resident taxpayer within the taxing district embracing this municipal property, is sufficiently aggrieved to bring this proceeding (cf. *Bloom* v. *Mayor of City of N. Y.*, 28 N Y 2d 952). The fact that the monetary amount of her tax saving, as opposed to others, is somewhat small does not abrogate her personal and peculiar interest herein. Accordingly, the petition should not have been dismissed (*Matter of Winter* v. *Board of Assessors of County of Nassau*, 63 Misc 2d 451; 24 Carmody Wait 2d, N. Y. Practice, § 145:255). However, we disagree with petitioner that, pursuant to CPLR 7804 (subd. [g]), the transcript of the hearing before the Review Board, in which she did not participate, should be transferred to this court for review and determination. This proceeding should be determined by Special Term. Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.