■ JOHN R. McGANN et al., Appellants-Respondents, v INCORPORATED VILLAGE OF OLD WESTBURY et al., Respondents-Appellants. [682 NYS2d 433] —In an action, *inter alia,* for a judgment declaring, in effect, that the plaintiffs have the right to use the subject premises as a religious cemetery, and that the resolution of the respondent Board of Trustees of the Incorporated Village of Old Westbury dated March 18, 1996, which, among other things, found that the use of the subject premises as a cemetery is not in accordance with the comprehensive plan of the Village, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered October 9, 1997, as denied their cross motion for a declaration that the proposed use of the subject premises is a religious use and that the defendants must accommodate that use, and the defendants cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provisions thereof which denied those branches of the defendants' motion which were to dismiss the second, third, fourth, seventh, and eighth causes of action and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court determined that the issue of whether the plaintiffs' proposed use of the subject premises as a cemetery would constitute a religious use entitling the plaintiffs to additional consideration and accommodation presents a factual question (*cf., Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283). We agree. A trial on this issue, in our view, would not constitute an impermissible interference in determining a religious dispute (*cf., Presbyterian Church v Hull Church,* 393 US 440; *First Presbyt. Church v United Presbyt. Church,* 62 NY2d 110). Further, we note that if the proposed use is found to be a religious use, it is then incumbent upon the defendants "to suggest measures to accommodate the proposed religious use while investigating the adverse effects on the surrounding community to the greatest extent possible" (*Matter of Genesis Assembly of God v Davies,* 208 AD2d 627, 628).

We find, however, that the Supreme Court improperly denied those branches of the defendants' motion which were to dismiss the plaintiffs' second, third, fourth, seventh, and eighth causes of action. Since the Village Law does not mandate that a Village have a comprehensive plan (*see,* Village Law § 7-722 [1] [h]), the plaintiffs' contention that the comprehensive plan of the Village is illegal is without merit. In any event, the Village did articulate a plan which complied with statutory requirements (*see,* Village Law § 7-722 [2] [a]; *Udell v Haas,* 21 NY2d 463). The plaintiffs' claim that their right to free exercise of religion under NY Constitution, article I, § 3 has been violated is without merit. A generally applicable and otherwise valid enactment, which is not intended to regulate religious conduct or beliefs but which may incidentally burden the free exercise of religion, is not deemed to violate the First Amendment (*see, Matter of New York State Empl. Relations Bd. v Christ the King High School,* 90 NY2d 244). Here, the zoning prohibition against cemeteries is neutral and not designed to interfere with religious beliefs.

Nor does the record support the plaintiffs' claim of discrimination or denial of equal protection. The prohibition of cemeteries applies to all cemeteries regardless of religious affiliation.

Further, the mere fact that the prior owner of the subject property was granted a zoning variance does not give the plaintiffs a vested right to a similar change (*see, Megin Realty Corp. v Baron,* 46 NY2d 891). Contrary to the plaintiffs' contention, the rule of exclusionary zoning, designed to prevent a municipality from improperly excluding people from obtaining housing (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668), has no applicability.

Finally, the Village Code provides for a refund of any unused deposit paid to reimburse the Village to defray costs incurred in the application process (Village of Old Westbury Code ch 103). The Supreme Court therefore properly denied that branch of the defendants' motion which was to dismiss the tenth cause of action.

The parties' remaining contentions are without merit. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.