■ In the Matter of JULIET COLELLA et al., Appellants, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents. [698 NYS2d 291] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessors of the County of Nassau dated January 5, 1998, which granted the application of the respondent Yun Lin Temple for a renewal of a tax exemption pursuant to Real Property and Tax Law § 420-a for the 1998-1999 school tax year and the 1999 general tax year, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Winick, J.), dated August 18, 1998, which, upon granting the cross motion of the respondent Yun Lin Temple to dismiss the proceeding, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents, the cross motion is denied, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Assessors of the County of Nassau for further proceedings consistent herewith.

The petitioners sought review of a determination of the Board of Assessors of the County of Nassau (hereinafter the Board) that the Yun Lin Temple (hereinafter the Temple), a religious organization chartered in the State of California, was exempt from real estate taxes on its property in Old Westbury, Nassau County. The Supreme Court granted the cross motion of the Temple to dismiss this proceeding finding that the petitioners did not have standing to challenge the Board's determination and the Board's determination was not arbitrary and capricious or irrational. We reverse.

The courts have held that taxpayers in a community have standing to challenge an agency's determination that a property within the community's borders is exempted from the tax rolls (*see, Fallica v Town of Brookhaven,* 69 AD2d 579, *mod on other grounds* 52 NY2d 794; *Matter of Dubbs v Board of Assessment Review,* 46 AD2d 651). The decrease in the tax base that occurs when a property is improperly exempted from taxation has been found to constitute a cognizable injury to such taxpayers (*see, Matter of Dudley v Kerwick,* 52 NY2d 542). Thus, the Supreme Court erred when it found that the petitioners did not have standing to challenge the instant exemption.

On the merits, the determination of the Board granting a tax exemption to the Temple was not rationally supported by the evidence contained in the record. Under local zoning ordinances, the Temple was required to obtain a special use permit before the property could be used for any purpose other than a single-family residence. The Temple's 1997 application for a special use permit was denied by the Zoning Board of Appeals of the Village of Westbury. Therefore, its use of the property as a religious and spiritual center was illegal and acted as a complete bar to the granting of its application for a tax exemption (*see, Oxford Group-Moral Re-Armament, MRA v Sweet,* 309 NY 744; *Jewish Mental Health Socy. v Village of Hastings-on-Hudson,* 255 App Div 77, *affd* 279 NY 764). In addition, the Temple could not avail itself of the parsonage exception contained in Real Property Tax Law § 462 as the Temple never submitted an application for such an exemption to the Board. Ritter, J. P., Santucci, Thompson and Goldstein, JJ., concur.