■ In the Matter of Todd J. Fetzer et al., Petitioners-Plaintiffs, and Timothy R. Ray et al., Appellants, v Town Board of the Town of Aurora et al., Respondents. [705 NYS2d 147] —Judgment unanimously reversed on the law with costs, motion denied and petition/complaint reinstated. Memorandum: This combined CPLR article 78 proceeding and declaratory judgment action was commenced by, among others, appellants (petitioners/plaintiffs), who are four individuals who reside in the Town of Aurora (Town), and two entities that own nursing homes/retirement communities, one situated within the Town and one in an adjoining town. The proceeding challenges the determination of respondent/defendant Town Assessor granting a tax exemption under RPTL 420-a and 420-b with regard to property within the Town owned by respondent/defendant Presbyterian Homes of Western New York, Inc. (Homes) on which Homes is constructing a retirement community/transitional care facility and, eventually, a skilled nursing facility. The proceeding also challenges the action of respondent/defendant Town Board of the Town of Aurora (Town Board) in entering into a PILOT (Payments in Lieu of Taxes) agreement with Homes. The appeal is from a judgment granting the motion of respondents/defendants for summary judgment dismissing the petition/complaint in its entirety, presumably on the ground that petitioners/plaintiffs lack standing to challenge the granting of a real property tax exemption to another taxpayer.

Taxpayers in a community have standing to challenge a determination that a property within the community's borders is exempted from the tax rolls (*see, Matter of Colella v Board of Assessors,* 266 AD2d 286; *Fallica v Town of Brookhaven,* 69 AD2d 579, *mod on other grounds* 52 NY2d 794; *Matter of Dubbs*

*v Board of Assessment Review*, 46 AD2d 651; *see also, People ex rel. Hoesterey*, 210 App Div 196, 199-201, *revd on other grounds* 239 NY 626). "The decrease in the tax base that occurs when a property is improperly exempted from taxation has been found to constitute a cognizable injury to such taxpayers" (*Matter of Colella v Board of Assessors, supra*, at 287). Such a result is consistent with the "more recent trend of liberalizing the ability of taxpayers to challenge governmental action" (*Matter of Dudley v Kerwick*, 52 NY2d 542, 551, *rearg denied* 54 NY2d 626). Thus, the court erred when it concluded that petitioners/plaintiffs did not have standing to challenge the tax exemption granted to Homes. Therefore, the judgment is reversed, respondents/defendants' motion is denied and the petition/complaint is reinstated. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—CPLR art 78.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.