■ JOHN R. McGANN, as Bishop of Roman Catholic Diocese of Rockville Centre, et al., Respondents, v INCORPORATED VILLAGE OF OLD WESTBURY et al., Appellants. [709 NYS2d 858] —In an action, *inter alia*, for a judgment declaring, in effect, that the plaintiffs have the right to use the subject premises as a religious cemetery, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered January 3, 2000, which, in effect, denied those branches of their motion which were for summary judgment dismissing the first, sixth, ninth, tenth, and eleventh causes of action asserted in the complaint and granted the plaintiffs' purported cross motion to deny the defendants' motion.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the tenth cause of action and substituting therefor a provision granting that branch of the defendants' motion, and (2) deleting the provision thereof granting the plaintiffs' purported cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Diocese of Rockville Centre (hereinafter the Diocese) acquired 100 acres of property located within the defendant Incorporated Village of Old Westbury (hereinafter the Village) with the intention of developing a cemetery on most of the property. Cemeteries are not a permitted use within the Village, and the Diocese's application for a change of zoning was denied. The plaintiffs then commenced the instant action.

In opposition to the defendants' prima facie showing of their

entitlement to summary judgment, the plaintiffs submitted evidence raising a triable issue of fact as to whether they proposed to use the subject property as a religious cemetery entitling them to additional consideration and accommodation (*cf., Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283), or for commercial purposes. Therefore, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the first, sixth, ninth, and eleventh causes of action.

However, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the tenth cause of action. The defendants established prima facie their entitlement to judgment as a matter of law by submitting evidence that they returned the unused portion of the plaintiffs' deposit paid to reimburse the Village to defray costs incurred in the application process (*see,* Village of Old Westbury Code, ch 103). The plaintiffs failed to submit any evidence raising a triable issue of fact as to the defendants' liability for any of the remaining amount of their deposit.

Although the plaintiffs characterized their papers in opposition to the defendants' motion for summary judgment as a cross motion, the Supreme Court erred in treating them as such, and the order has been modified accordingly.

The defendants' remaining contention is without merit. O'Brien, J. P., Joy, Luciano and Schmidt, JJ., concur.