■ JOHN R. MCGANN et al., Respondents, v INCORPORATED VILLAGE OF OLD WESTBURY et al., Appellants. [741 NYS2d 75] —In an action, inter alia, for a judgment declaring, in effect,

that the plaintiffs have the right to use certain real property as a religious cemetery, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (Phelan, J.), entered January 26, 2001, and (2) an amended judgment of the same court, entered November 7, 2001, which, after a nonjury trial, is in favor of the plaintiffs and against them on the first, sixth, and ninth causes of action asserted in the complaint, declared that the plaintiffs' proposed cemetery constitutes a religious use of land, annulled their denial of the plaintiffs' March 19, 1996, application for a special use permit, remitted the matter to the Board of Trustees of the Incorporated Village of Old Westbury for the issuance of the special use permit, and awarded the plaintiff Roman Catholic Diocese of Rockville Centre damages in the principal sum of $72,695.32.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified by deleting the provisions thereof which (1) remitted the matter to the Board of Trustees of the Incorporated Village of Old Westbury to issue a special use permit to the plaintiff Roman Catholic Diocese of Rockville Centre, and (2) awarded the plaintiff Roman Catholic Diocese of Rockville Centre damages in the principal sum of $72,695.32 on the eleventh cause of action; as so modified, the amended judgment is affirmed, without costs or disbursements, and the matter is remitted to the Board of Trustees of the Incorporated Village of Old Westbury for a hearing consistent herewith.

The plaintiff Roman Catholic Diocese of Rockville Centre (hereinafter the Diocese) acquired approximately 97 acres of property located within the defendant Incorporated Village of Old Westbury (hereafter the Village) with the intention of developing and operating a Roman Catholic cemetery on the property. Cemeteries are not a permissible use within the Village, and the subsequent application of the Diocese for a change of zoning was denied. Thereafter, in 1996, the Diocese and its bishop at that time, the plaintiff John R. McGann, commenced this action. Following pretrial motion practice and two appeals to this Court, a nonjury trial was held where, pursuant to our prior decisions (see McGann v Incorporated Vil. of Old Westbury, 273 AD2d 285; McGann v Incorporated Vil. of Old Westbury, 256 AD2d 556), the trial court was to determine if the use of the subject property as a Catholic cemetery constituted a religious use entitling the plaintiffs to additional consideration and accommodation. The trial court determined that the

plaintiffs' proposed use of the subject land constituted a religious use, and we agree.

Religious use is conduct with a religious purpose, the determination of which focuses on the proposed use itself, not the religious nature of the organization, and in "each case ultimately rests upon its own facts" (*Matter of Community Synagogue v Bates,* 1 NY2d 445, 453; *see Slevin v Long Is. Jewish Med. Ctr.,* 66 Misc 2d 312; 12 NY Jur 2d, Buildings, Zoning, and Land Controls § 227). The evidence adduced at trial demonstrated that the Roman Catholic Church believes in "the Second Coming of Christ and Resurrection of the Dead," its followers entrust their bodily remains to the Catholic Church in its cemeteries in accordance with that belief, and Catholic cemeteries are a place of worship no different from a church or other similar edifice. Since the proposed use of the subject property involves conduct with a religious purpose, the trial court's determination is supported by the record, and should not be disturbed on appeal unless it could not have been reached upon any fair interpretation of the evidence (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492; *Bucci v Bucci,* 231 AD2d 665). The defendants' opposing argument is unavailing, since it would otherwise "limit a church to being merely a house of prayer and sacrifice [which] would, in a large degree * * * depriv[e] the church of the opportunity of enlarging, perpetuating and strengthening itself and the congregation" (*Matter of Community Synagogue v Bates, supra* at 453).

However, the trial court erred in directing the defendant Board of Trustees of the Village (hereinafter the Board) to issue a special permit to the Diocese upon remittitur. In *Cornell Univ. v Bagnardi* (68 NY2d 583, 595 [citations omitted]), the Court of Appeals stated: "Although the special treatment afforded * * * churches stems from their presumed beneficial effect on the community, there are many instances in which a particular educational or religious use may actually detract from the public's health, safety, welfare or morals. In those instances, the institution may be properly denied. There is simply no conclusive presumption that any religious * * * use automatically outweighs its ill effects * * *. The presumed beneficial effect may be rebutted with evidence of a significant impact on traffic congestion, property values, municipal services and the like."

The plaintiffs' proposed use qualifies as a type I listed action under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), in that they seek a zoning change or

change in permissible uses affecting 25 acres or more of land, and, therefore, "carries with it the presumption that it is likely to have a significant adverse impact on the environment and may require an [Environmental Impact Statement]" (6 NYCRR 617.4 [a] [1]; [b] [2], [3]). Accordingly, the matter is remitted to the Board to determine the environmental impact of the plaintiffs' proposed use, including examination under SEQRA of the effect of any possible mitigating measures. A determination on the plaintiffs' application shall be consistent with the preferential treatment afforded the religious use of this property.

The trial court further erred in awarding the Diocese damages representing a refund of real property taxes it paid for the 1997/1998 tax year. Contrary to the plaintiffs' contention, the Diocese is not entitled to the exemption from real property taxes afforded under Real Property Tax Law §§ 420-a and 446 for the 1997/1998 tax year since the proposed use of the property that would invoke the exemption was not authorized for that year. Thus, it is not entitled to retroactive relief by virtue of the trial court's religious use declaration (*see Matter of Colella v Board of Assessors of County of Nassau*, 266 AD2d 286, *revd on other grounds* 95 NY2d 401; *Matter of Neuner v Weyant*, 63 AD2d 290; *Jewish Mental Health Socy. v Village of Hastings-on-Hudson*, 255 App Div 77, *affd* 279 NY 764).

The defendants' remaining contentions are without merit. Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur. [*See* 186 Misc 2d 661.]