■ In the Matter of KOREAN JOONG BU PRESBYTERIAN CHURCH OF NEW YORK, Appellant, v INCORPORATED VILLAGE OF OLD WESTBURY et al., Respondents. [757 NYS2d 578] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessors of the Incorporated Village of Old Westbury dated January 22, 2002, which denied the petitioner's application for a real property tax exemption for the 2002-2003 tax year, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated May 24, 2002, which denied the petition.

Ordered that the judgment is affirmed, with costs.

On August 30, 2001, the petitioner, a religious organization, purchased over 20 acres of land in the Incorporated Village of Old Westbury, which had been used as a horse farm by the prior owner. The petitioner filed an application with the Village for a special use permit to use the property for religious purposes. Before a determination on that application, the petitioner applied to the Board of Assessors of the Incorporated Village of Old Westbury (hereinafter the Board of Assessors) for a real property tax exemption for the 2002-2003 tax year, pursuant to Real Property Tax Law § 420-a. The Board of Assessors denied the application, because the petitioner had not yet been granted a permit to use the property for religious purposes.

The petition pursuant to CPLR article 78 to review the denial by the Board of Assessors of the petitioner's application for a real property tax exemption based on the religious use of the property was properly denied, since the proposed exempt use was not authorized for the 2002-2003 tax year (*see McGann v*

*Incorporated Vil. of Old Westbury,* 293 AD2d 581 [2002]; *Matter of Colella v Board of Assessors of County of Nassau,* 266 AD2d 286 [1999], *revd* 95 NY2d 401 [2000]). Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.