Feters, J. (dissenting).
We respectfully dissent. It is settled that a property owner who is using his or her property for exempt purposes in violation of an applicable municipal zoning law is prohibited from receiving a tax exemption pursuant to RFTL 420-a (see Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Allen, 309 NY 744, 745-746 [1955]; Congregation Or Yosef v Town of Ramapo, 48 AD3d 731, 732 [2008], lv denied 10 NY3d 711 [2008]; Matter of Colella v Board of Assessors of County of Nassau, 266 AD2d 286, 287 [1999], revd on other grounds 95 NY2d 401 [2000]; Matter of United States Columbarium Co. v Tax Commn. of City ofN.Y., 19 Misc 2d 256, 259-260 [1959]). Here, petitioner’s property is located in zoning district R1 (residential district) where permitted uses include, for example, single family dwellings, agriculture and business and professional offices. Special permitted uses, for which petitioner is required to obtain a special use permit from the Town of Highland, include “places of worship.”
It is undisputed that, petitioner uses its property generally as a spiritual retreat for religious visitors by appointment and uses the art studio—which petitioner also refers to as a chapel—for the creation of religious art, celebration of mass, prayer and spiritual discussion.[1] Fetitioner was using at least a portion of its property in this manner at the time its application for a tax exemption was considered and denied by respondents. For that reason, the cases cited by the majority and by Supreme Court, *781 which apply to applications for tax exemptions based upon proposed use of vacant or unimproved property, are not dispositive (see Matter of Korean Joong Bu Presbyt. Church of N.Y. v Incorporated Vil. of Old Westbury, 2 NY3d 787, 788 [2004]; Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 409-412 [2004]).
After respondents denied petitioner’s application for a tax exemption, the Town’s code enforcement officer provided written notification to petitioner of the Town’s position that petitioner’s use of the art studio—for which a certificate of occupancy had been granted—as a place of worship required a special use permit and advised petitioner to file such an application. Petitioner neither responded to this communication nor filed an application for a special use permit. We cannot agree with the majority that petitioner’s failure to apply for a special use permit was insufficient to raise an issue of fact to defeat petitioner’s motion for summary judgment. Although there is no indication that the Town has filed a notice of violation against petitioner or otherwise cited it for any zoning violations, its failure to do so under these circumstances should not be dis-positive, particularly since many evidentiary details concerning petitioner’s use of the property were not revealed until after its application for an exemption was denied and this proceeding was commenced. Moreover, petitioner should not be permitted to avoid being found in violation of the zoning ordinance—and thereby qualify for an RPTL 420-a tax exemption—by simply refusing to file an application for a special use permit after being requested to do so by the Town (see Matter of Colella v Board of Assessors of County of Nassau, 266 AD2d at 287). It is sufficient that the Town took the affirmative steps to notify petitioner of its position and advised petitioner to file a special use permit application. While the majority correctly notes that this written notification came well after the denial of petitioner’s application for an exemption and, in fact, after petitioner’s summary judgment motion, we reiterate that it was only through the submissions proffered on the motion that the Town learned of many of the evidentiary details concerning petitioner’s use of the property.
Furthermore, that petitioner is, in fact, operating in violation of the zoning ordinance is supported by the evidence in the record; although petitioner is not using the premises as a church in the traditional sense, it is difficult to see how it is not using the art studio/chapel as a “place of worship” (see e.g. Matter of Committee to Protect Overlook, Inc. v Town of Woodstock Zoning *782 Bd. of Appeals, 24 AD3d 1103, 1104 [2005], lv denied 6 NY3d 714 [2006]).[2] Although, as pointed out by the majority, this position conflicts with respondents’ argument that the exemption must be denied because there is no structured religion being practiced dt petitioner’s premises, there is nothing prohibiting respondents from asserting inconsistent or alternative arguments in response to the petition. In other words, respondents are permitted to argue that petitioner is not entitled to an exemption because it is not using the property exclusively for religious purposes or, in the alternative, because petitioner’s use of the property—even if truly for exempt purposes—violates a zoning ordinance. Under these circumstances, we would conclude that respondents’ evidence suggesting that petitioner is using its property in violation of the zoning code creates an issue of fact as to whether petitioner is entitled to the tax exemption, and would reverse that part of Supreme Court’s order as granted petitioner’s motion.
Garry, J., concurs. Ordered that the order is affirmed, without costs.

. In its application for a real property tax exemption, petitioner indicated that the property was used for “days of [r]ecollection, [r]eligious [r]etreats, pilgrimages, shrines, [m]ass [and a]deration [b]enediction.” Petitioner also stated that a chapel had recently been completed on the property, apparentlyreferring to the art studio. In addition, petitioner was erecting the stations of the cross on its property to serve as a pilgrimage trail.

. The term “places of worship” is not defined in the Town’s zoning ordinance.