In the Matter of the Application of GEORGE F. UNDER-
WOOD et al., Respondents, for a Peremptory Writ of
Mandamus against JOHN P. O'BRIEN, as Corporation
Counsel of the City of New York, Appellant.

**New York city — street closing — rights and easements of
abutting owners extinguished upon filing of map — duty of
corporation counsel to take proceedings to determine com-
pensation to property owners — application, before any change
is made, for mandamus to compel institution of such pro-
ceedings not premature.**

1. Under sections 3 and 5 of chapter 1006 of the Laws of 1895,
providing for the closing of streets in the city of New York, upon the
filing of the map, without more, the rights and easements of abutting
property owners are extinguished and the duty rests upon the corpora-
tion counsel to take proceedings to have determined the compensation
to property owners affected or damaged by such closing.

2. An application for an order of mandamus to compel the corpora-
tion counsel to institute such proceedings cannot, therefore, be defeated
as premature upon the ground that no actual change in the street had
as yet been made.

*Matter of Underwood* v. *O'Brien,* 207 App. Div. 802, affirmed.

(Argued May 12, 1924; decided June 3, 1924.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered October 11, 1923, which affirmed an order
of Special Term granting a motion for a peremptory
writ of mandamus to compel the corporation counsel of
the city of New York to institute proceedings to ascer-
tain the compensation due to the petitioners by reason of
the closing of a portion of West One Hundred and Seventy-
seventh street in the borough of Manhattan.

*George P. Nicholson, Corporation Counsel* (*L. Howell
La Motte, Joel J. Squier* and *William B. R. Faber* of
counsel), for appellant. The part of West One Hundred
and Seventy-seventh street shown as discontinued and

closed on the map filed August 13, 1915, laying out Service street and the public park does not become legally discontinued and closed until Service street, which is to take its place, is physically open for public use. (L. 1895, ch. 1006; *Johnson* v. *Cox*, 42 Misc. Rep. 301; 124 App. Div. 294; 196 N. Y. 110; *Matter of Mayor, etc., of New York*, 131 App. Div. 696; 197 N. Y. 518; *Matter of Mayor, etc., of New York*, 152 App. Div. 114; 208 N. Y. 292.)

*Charles Lamb* and *Michael J. Mulqueen* for respondents. Pursuant to the provisions of the Closing Act, the part of West One Hundred and Seventy-seventh street was closed August 13, 1915, on the filing of the map showing the closing thereof. (*People ex rel. Winthrop* v. *Delaney*, 120 App. Div. 801; 192 N. Y. 533; *City of Buffalo* v. *Pratt*, 131 N. Y. 293; *Matter of City of New York* [*Newton Avenue*], 219 N. Y. 399; *Matter of City of New York* [*Kingsbridge Road*], 229 N. Y. 30; *Matter of City of New York*, 132 App. Div. 867; *Matter of City of New York*, 229 N. Y. 30.)

Andrews, J. We are once more called upon to interpret the Street Closing Act of 1895. It is alleged in the petition and not denied that West One Hundred and Seventy-seventh street in the city of New York was laid out as a permanent street sixty feet wide upon the map or plan duly prepared and filed by the local authorities. It ran easterly from Riverside Drive on a curve sweeping in a semi-circle around premises belonging to the petitioners to Haven avenue. In 1915 the city determined to narrow this street in part, to close and discontinue its present connection with the drive and straightening the curve and taking the land needed to make a new opening between the street and the drive, some two hundred feet to the north. Acting under the authority of chapter 1006 of the Laws of 1895 it thereupon took all necessary steps to that end. Resolutions were duly passed, maps showing the portion of One Hundred and Seventy-seventh

street it was intended to discontinue were certified and filed, and land was acquired by condemnation. No actual change on the ground, however, was made. The situation remained and still remains as before.

In 1921 the petitioners applied for a mandamus to compel the corporation counsel to institute proceedings to determine the compensation due them because of this closing and discontinuance. So far they have succeeded. Before us the correctness of this ruling is criticized on various grounds. But óne need be considered here.

It is said that the application was premature, that until the change is actually made no damages may be determined. If the work is proceeded with and the new opening upon the drive made, what is done may diminish the injury that would otherwise result should a portion of One Hundred and Seventy-seventh street be actually discontinued. Yet it has been held that damages are to be fixed as of the time of the discontinuance and that as a matter of justice we should, therefore, construe the statute as making this date the date when the whole proposed improvement is effected. On the other hand, it is said that the petitioners have already lost their easement over One Hundred and Seventy-seventh street as it formerly existed and that the value of their property has been diminished because of the rights which the city has acquired. We are saved the need of any discussion of these considerations, however, by the plain and unequivocal wording of the statute itself. The sections with which we have immediate concern are 3 and 5. They relate to the closing of streets or portions of streets which are laid down on the permanent map of the city, while sections 2 and 4 have to do with streets laid out or closed by such map itself. In the former case, when the new map is filed " discontinuing or closing or intending to discontinue or close any street * * * or any part thereof * * * it shall be the duty of the counsel to the corporation * * * to take proceedings * * *

to have ascertained and determined the compensation which should justly be made to the several owners * * * entitled unto * * * the rights and interests therein taken, affected or damaged by such discontinuance or closing." If, however, within six years after the filing of the map such owners do not present to the comptroller a claim for compensation, their right to damages shall be barred. We need not discuss the question whether in truth the mere filing of a map would set this statute in operation against an owner unaware of the fact. Whether it would or would not the language used indicates the intention of the Legislature. It is that upon the filing of the map, without more, the rights and easements of abutting owners are extinguished and the duty rests upon the corporation counsel to act.

We pass no opinion upon the basis of damages which is to govern the commissioners.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Order affirmed.