Dora Haskel and Another, Plaintiffs, *v.* 60 West 53 St. Corp., Defendant. *

Municipal Court of New York, Borough of Manhattan, Ninth District, May 31, 1929.

*Jasie & Solomon* [*William Solomon* of counsel], for the plaintiffs.

*Milton Gladstone,* for the defendant.

Genung, J. This is a summary proceeding for non-payment of rent in the sum of $833.33, for the month of May, 1929, and other charges claimed to be due, under a written lease for the premises known as No. 60 West 53 Street, New York. The total charges claimed by the landlord in this proceeding are as follows:

| | |
|---|---:|
| Rent for May, 1929 | $833 33 |
| Interest and installments on mortgage, January 1 to May 1, 1929 | 624 33 |
| Taxes, first half year 1929 | 1,969 80 |
| Water for year 1929, first half of year | 74 00 |
| Insurance premiums, January 1, 1929, unexpired term | 240 92 |
| | $3,742 38 |

---

* Affd., 231 App. Div. 800.

The tenant claims that, by reason of the action of the landlord in depositing the security with his own funds the security has been converted and the landlord is unable to maintain the proceedings. (*Matter of Atlas*, 217 App. Div. 38; *Euclid Holding Co.* v. *Kermacoe Realty Co.*, 131 Misc. 466.) The evidence discloses and the court finds that such deposit was not in violation of the terms of the lease and was not a conversion of the security. The tenant also claims that the landlords are barred from maintaining these proceedings by reason of the condemnation of the premises herein by the city of New York for public purposes by the filing of the condemnation map. (*Matter of Underwood* v. *O'Brien*, 238 N. Y. 323.) That was an appeal from an order granting a peremptory writ of mandamus to compel the corporation counsel of the city of New York to ascertain the compensation due to the petitioners by reason of the closing of a portion of a street. It was not a summary proceeding. It is well settled that in a summary proceeding a tenant cannot deny or question his landlord's title. (*Van Vleck* v. *White*, 66 App. Div. 14; 24 Cyc. 934.) The tenant further claims that, under the terms of the lease, the claim for insurance, taxes and water charges for 1929 are premature and not rightfully included in these proceedings. There is no question as to the amount of these charges, or as to the demand and non-payment thereof by the tenant. The landlord has paid the insurance premiums, but has not paid the taxes or water charges for the first half of the year 1929. It is the contention of the tenant that, under one of the provisions of the lease, " if any tax, assessment, water or other charge, duty or lien shall not have been paid by it within the time herein provided for the payment thereof, then the landlord may pay the same together with any interest or penalty which may have been accrued thereon, and the amount so paid by the landlord with interest thereon from the time of payment, shall become due from and payable by the tenant as additional rent, with the next installment of rent which shall become due after such payment by the landlord, or at the option of the landlord, as additional rent with any subsequently accruing installment of rent," and, therefore, the landlord cannot maintain these proceedings until *after such payment of taxes and water charges*. It is the contention of the landlord that, under another provision of the lease, " the tenant shall and will during the term hereby demised well and truly pay to the landlord the rent herein reserved and all other sums herein referred to as constituting additional or augmented rent and shall and will make all other payments herein provided to be made by the tenant on the dates and at the times and in the manner prescribed for the payment

thereof without any deductions  *  *  *  and that in the event of the default of the payment of any such installment of rent or additional or augmented rent or any other payments herein provided for to be made by the tenant, including payment of installment and interest on any mortgage placed on said premises as and when the same may become due and payable, the landlord shall be entitled to remove the tenant from the premises by summary proceedings or in any other lawful manner,  *  *  *  *anything to the contrary thereof herein contained notwithstanding."* Under the last quoted provision, therefore, the landlord had the option, either to pay the taxes and water charges, and later demand payment thereof as additional or augmented rent, or make demand on the tenant for the payment thereof and, if he refused, to institute summary proceedings.  The landlord has made such demand for payment by the tenant, and the tenant has failed or refused to pay the taxes and water charges.  The same is true as to the installments and interest on the mortgage, for which demand was made and payment was refused.  The tenant offered no testimony in opposition to the claims made by the landlord.

It follows, therefore, that the landlord is entitled to a final order, awarding possession of the premises, for non-payment of rent, taxes, water charges, insurance premiums, installment and interest on mortgage, amounting to the sum of $3,742.38.