■ CONGREGATION K'HAL TORATH CHAIM, INC., Appellant, v TOWN OF RAMAPO, Respondent.—In a proceeding pursuant to article 7 of the Real Property Tax Law, the petitioner appeals from a judgment of the Supreme Court, Rockland County, entered December 27, 1977, which dismissed the

petition with prejudice. Judgment modified, on the law, by adding thereto, immediately after the words "with prejudice", the following: "except as to Lots Nos. E12, E14, and E18, and, as to said lots, petitioner is entitled to exemptions as of September 26, 1974, October 15, 1974 and January 16, 1975, respectively". As so modified, judgment affirmed, without costs or disbursements. The test for tax exemption applied to real property owned by an exempt corporation and not in actual use is whether construction is "in progress or is in good faith contemplated" *(Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v Sharkey,* 35 AD2d 161, 163). Contemplation in good faith has been defined to mean concrete and definite plans for utilizing and adopting the property for exempt purposes within the reasonably foreseeable future (4 Opns of Counsel of State Bd of Equal & Assess No. 52, p 90). The fact that an exempt organization has purchased lots with the purpose of ultimately utilizing that property for tax exempt purposes is not sufficient evidence to meet the test *(Matter of Syracuse Univ.,* 214 App Div 375). Here the petitioner bought certain parcels of land with the ultimate objective of building student and faculty residences. No evidence was presented to show that its plans had crystalized on the date of purchase. Thus, exemptions from the date of purchase were properly denied. However, with respect to Lots Nos. E12, E14, and E18, the proof showed that the petitioner's plans for erecting dormitories had become finalized on September 26, 1974, October 15, 1974 and January 16, 1975, respectively. Those dates are the dates upon which the petitioner submitted its applications for building permits. The applications are overt acts which sufficiently indicate that the petitioner's plans had become definite and concrete so as to qualify for exemptions. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.