OPINION OF THE COURT
Parker J. Stone, J.
Petitioner moves for summary judgment on its petition for a judgment directing the respondent to grant petitioner an exemption for property taxes for the 1981 tax year assessed against its premises located at 459 Westcott Street, Syracuse, New York. Petitioner contends that it is entitled to an exemption under section 420 of the Real Property Tax Law. It has been granted an exemption by the Internal Revenue Service. The respondent argues that petitioner’s property does not fall within the purview of this section.
Section 420, insofar as applicable, reads as follows:
“1. (a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes, or for two *395 or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.
“(b) Real property owned by a corporation or association which is not organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes, or for two or more such purposes, but which is organized or conducted exclusively for bible, tract, benevolent, missionary, infirmary, public playground, scientific, literary, bar association, medical society, library, patriotic or historical purposes, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association, or by another such corporation or association as hereinafter provided, shall be exempt from taxation”.
The requirements of section 420 have been judicially resolved into a three-step test for the purpose of determining whether an organization is tax exempt.
“(1) The owner is organized or conducted exclusively for one or more of the purposes specified in the statute.
“(2) That the property itself is used exclusively for one or more of those purposes.
“(3) That no pecuniary profit inures to any of the organization’s officers, members or employees, and that the property is not used as a guise for profit-making operations.” (Matter of Young Womens Christian Assn. of Rochester v Wagner, 96 Misc 2d 361, 364.)
In response to whether petitioner is organized for an approved purpose, petitioner’s certificate of incorporation declares the following: “The purposes for which the Corporation is to be formed are exclusively charitable and educational and are to provde [szc] especially for young people, recreational and educational opportunities through hosteling — that is, through simple modes of travel such as on foot or bicycle, and thereby: To aid acquisition of a greater knowledge and appreciation of the out-of-doors and of the *396 life, culture, and hisotry [sic] of the peoples of the United States and of other countries, and to develop self-reliant, community-minded and world-minded citizens, and thus to further good will, mutual understanding and respect among peoples of different backgrounds, points of view and environs.”
In view of the foregoing, it can hardly be suggested that petitioner is not organized exclusively for a purpose approved under section 420. There is, moreover, no challenge to plaintiff’s claim that it realizes no pecuniary profit from its operation. The more difficult issue is whether petitioner is in compliance with the second requirement — that the property is used for an approved purpose.
In respect to section 420 (subd 1, par [a]) a review of the petition leads to the conclusion that the petitioner does not use its property for “religious” purposes nor is there proof that petitioner is engaged in a “charitable” undertaking, i.e., aiding the unfortunate or handicapped, or aiding the progress of mankind without expectation of profit. (Matter of Green v Javits, 7 Misc 2d 312, affd 4 AD2d 869.) Indeed, the petition reflects that although petitioner’s charges are modest, they are unrelated to the economic status of its members. (See American-Russian Aid Assn. v City of Glen Cove, 41 Misc 2d 622, affd 23 AD2d 966.) Likewise, the petition fails to suggest that the petitioner has undertaken a program of “educational” or “moral” direction of those using its facilities; nor is there, any basis to find the premises are used for “mental improvement”, “hospital” or “cemetery purposes”.
Turning to a consideration of section 420 (subd 1, par [b]) it becomes apparent that the uncontroverted allegations of the petition establish that petitioner uses its facilities for “benevolent” purposes. The petition states in paragraph “8” thereof: “That the purpose of the organization is to furnish clean and decent housing, principally to persons of youthful age, to afford a clean and decent accomodation [sic] for such persons to sleep, wash and eat, where simplicity is the rule. There are no servants and visitors normally share in the domestic duties in the hostel. Beds are equipped only with mattresses and blankets; each visitor *397 bringing his own sheets, or sleeping sack in place of sheets.”
Section 420 contemplates that a distinction be made between a “charitable” and a “benevolent” purpose. Although not sharp and well defined, such a distinction does, nevertheless, exist. The furnishing of clean and decent overnight accommodations at a modest price, without profit, although not charitable, is certainly a “benevolent” undertaking. It is a kind act, one of good will, unrelated to economic status.
The fact that the garage at the rear of petitioner’s premises is rented for $60 a month does not alter this determination, since the income is merely incidental to the principal use of petitioner’s real property. The rents received aid the petitioner in carrying out its benevolent objective. (American-Russian Aid Assn. v City of Glen Cove, supra).
The petitioner may enter summary judgment granting petitioner exempt status pursuant to section 420 (subd 1, par [b]) of the Real Property Tax Law.