OPINION OF THE COURT
 

 Simons, J.
 

 Petitioner in this article 78 proceeding contends that the tax assessed against it under the New York City commercial rent or occupancy tax law is invalid because assessed, in part, against sums it paid to the landlord for cleaning and janitorial services, not rent. The Appellate Division held otherwise and we affirm its judgment.
 

 Petitioner occupies New York City premises under leases containing three different clauses relating to cleaning services;
 
 *
 
 In two of the leases the landlord agreed that upon payment of the agreed rent, it would supply the tenant cleaning and janitorial services but that the tenant could, if it elected, supply cleaning services at its own
 
 *98
 
 expense. If the tenant did so, the lease provided that the rent would abate pro rata according to formulae contained in the leases. Petitioner contends that because abatement is available to it the amount by which the rent would be reduced if it exercised the option to supply its own cleaning is payment for services which should not be taxable. Its submission proceeds along two lines. First, it contends that cleaning is not an item normally supplied by landlords and since the charge for the service can be mathematically computed and segregated it should not be taxable. Second, it contends that charges for cleaning services are specifically excluded from the taxable rent by the language of the local law.
 

 Pursuant to title L of chapter 46 of the New York City Administrative Code business and professional tenants within the City of New York are required to pay a tax measured by their rent. “Rent” is defined as: “[t]he consideration paid or required to be paid by a tenant for the use or occupancy of premises * * * including any payment required to be made by him on behalf of his landlord for real estate taxes, water rents or charges, sewer rents or any other expenses (including insurance) normally payable by a landlord who owns the realty other than expenses for the improvement, repair or maintenance of the tenant’s premises” (Administrative Code of City of New York, § L46-1.0, subd. 6).
 

 Preliminarily it should be noted, although this is not dispositive of the issue, that petitioner’s monthly rent is billed and paid in one lump sum, as specified in the leases and modifications, and without any breakdown for the amounts claimed to be attributable to cleaning services. The parties agreed upon this sum as rent for the leasehold and if the tenant had failed to pay it, then the tenant was subject to eviction (see, e.g.,
 
 Haskel v 60 West 53 St. Corp.,
 
 138 Misc 595, affd 231 App Div 800;
 
 Pope v Battcock,
 
 218 App Div 857). The landlord, in consideration of the sum paid, agreed to supply the tenant with a variety of services such as heat, air conditioning, window washing and garbage collection. It also agreed to supply the tenant with cleaning and janitorial services. Because the leases expressly give the tenant the option to supply its own clean
 
 *99
 
 ing services and a formula for abatement is stated, it is possible to compute the portion of the rent allocable to cleaning services although that for other services cannot be segregated. Petitioner contends therefore that cleaning services should be treated differently because their actual cost is subject to computation. The short answer to-that is that the formula sums in the lease do not represent the economic cost of the services supplied. Manifestly, they are bargained for elements of the rent because the abatement allowed varies from lease to lease and for different tenants in the building depending upon the negotiating position of the tenant vis-a-vis the landlord (see footnote).
 

 Petitioner also contends that cleaning services differ from other services supplied by the landlord because cleaning services are not customarily supplied by landlords in New York City. Although the Finance Administrator did not make a specific finding to that effect, he necessarily disagreed with petitioner’s position because in paragraph 15 he found that the disputed charges are rent within the definition of the local law. There is sufficient evidence in the record to support his conclusion and we accept it.
 

 Petitioner’s second point is that the charges should not be taxable as rent because they are maintenance expenses and the provisions of the local law exclude other “expenses for the improvement, repair or
 
 maintenance
 
 of the tenant’s premises” (Administrative Code, § L46-1.0, subd 6 [emphasis added]). Tax exclusions are never presumed or preferred and before petitioner may have the benefit of them, the burden rests on it to establish that the item comes within the language of the exclusion
 
 (Matter of Young v Bragalini,
 
 3 NY2d 602, 605-606). While it is the general rule that a statute which levies a tax is to be construed most strongly against the government and in favor of the taxpayer
 
 (American Locker Co. v City of New York,
 
 308 NY 264, 269;
 
 Matter of Good Humor Corp. v McGoldrick,
 
 289 NY 452, 455), the rule is otherwise with respect to the taxpayers’ right to exclude items from taxation. In the case of statutory exclusions, the presumption is in favor of the taxing power
 
 (Matter of Schwartzman,
 
 262 App Div 635, 636, affd 288 NY 568). Thus while maintenance of premises, in the broadest sense, may be thought to include such
 
 *100
 
 items, petitioner has failed to overcome the presumption that it does in this case. We conclude, as does the city, that the maintenance referred to in the local law includes only work done to prevent and cure depreciation, i.e., such things as painting, replacing window sashes, etc., not work done to maintain the cleanliness of the premises. However, even if “maintenance” expense is interpreted to include sums paid for cleaning and janitorial services the local law excludes it from rent only when paid to third parties, not when paid to the landlord (Administrative Code, § L46-1.0, subd 6).
 

 The judgment of the Appellate Division should be affirmed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Judgment affirmed, with costs.
 

 *
 

 The
 
 Type A Lease
 
 provided that the landlord agreed to provide cleaning services for the premises occupied by petitioner but petitioner had the option to do or have done its own cleaning. If it did, it received a credit against rent of 35 cents a square foot per year for the rented space above the ground floor and 10 cents per square foot per year for the rest of the space, plus escalation or de-escalation after the first year based on increases or decreases in the landlord’s average costs therefor during the current period, as compared with the base period established by the lease for operating costs.
 

 Under the
 
 Type B Lease
 
 the landlord did not in the first instance agree to furnish cleaning or janitorial services for the space occupied by the tenant. The tenant could elect to have the landlord do the cleaning, however, and if the tenant exercised that election, the annual “rent” would be increased by 25 cents per square foot of the space involved. Respondent did not assess on the cost of cleaning services covered by Type B Lease and no issue is submitted to the court on rent payable for premises covered by this type lease.
 

 The
 
 Type C Lease
 
 provided that the landlord undertook to provide cleaning services for space rented on the second floor. If, however, the tenant exercised its right to do the cleaning of that space, the annual “rent” was to be reduced by 25 cents per square foot per year of the space in question.