■ ECONOMIC OPPORTUNITY COMMISSION OF NASSAU COUNTY, INC., Respondent-Appellant, v VILLAGE OF HEMPSTEAD et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Hempstead and Charles G. Firmbach, the Tax Assessor of the Village of Hempstead, denying the petitioner tax-exempt status, the Village of Hempstead and Charles G. Firmbach appeal from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated November 25, 1986, as determined that the petitioner was a nonprofit organization within the meaning of Real Property Tax Law § 420-a, and the petitioner appeals from a judgment of the same court entered February 5, 1988, which dismissed the petition.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because an intermediate order in a CPLR article 78 proceeding is not appealable as of right (CPLR 5701 [b] [1]), and even

if leave had been granted, any appeal therefrom would have terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The petitioner, a nonprofit antipoverty organization, received a commercial office building as a donation in 1981. Because the petitioner purportedly intended to move its administrative offices into the building, it enlisted the services of an architect to develop space plans for the use of the building. Upon conducting an initial investigation, the architect determined that the building had major structural deficiencies, and was in need of extensive repairs including a full gut rehabilitation. Although the petitioner originally anticipated that the cost of repairs and rehabilitation would run no higher than $50,000 that estimate skyrocketed to a figure approaching $800,000 as a result of the architect's findings.

In 1982, the petitioner applied for a real property tax exemption in regard to the subject property pursuant to RPTL 420-a (1). Charles G. Firmbach, the Tax Assessor of the Village of Hempstead, subsequently informed the petitioner that it did not qualify for the exemption and he was denying its application. The petitioner thereupon commenced this proceeding pursuant to CPLR article 78 to annul that determination.

Using a grant in the amount of $270,000 that it received from the New York State Department of State, the petitioner embarked upon construction intended to rehabilitate the structure. However, because the petitioner was purportedly unsuccessful in obtaining any additional grants of funding, the construction was, in effect, all but halted by 1985 notwithstanding the fact that the building still required major repairs. Throughout this period, the building remained unoccupied.

In 1986, the petitioner moved for summary judgment. Because the subject real property was not then being used for any purpose, it was necessary for the court to determine not only whether the petitioner was a nonprofit organization within the meaning of RPTL 420-a (1) but also whether pursuant to RPTL 420-a (3) the petitioner contemplated, in good faith, improvements necessary to make the property habitable. The Supreme Court determined that the petitioner was a nonprofit organization within the meaning of RPTL 420-a (1) but denied the petitioner's motion on the grounds that it

could not, in the absence of a hearing, determine whether the improvements were contemplated in good faith. At the hearing which was conducted in regard to the issue of good faith, the chief executive officer of the petitioner testified that although he had applied for various grants to finance the rehabilitation of the building, only one grant had been approved and it had been inadequate to meet the ever-increasing cost of repairs. He further testified that notwithstanding these difficulties, it was still the petitioner's intent, as it had been from the outset, to move its administrative offices into the building. However, the witness failed at the hearing to introduce into evidence any documentary proof of the efforts the petitioner had made to obtain additional funding. He also did not establish that the petitioner had ever segregated funds intended to be used for the renovation.

The architect retained by the petitioner testified that at present, he could not provide even an estimate as to when the construction would be completed. He further testified that he estimated the cost of performing the remaining repairs at approximately $1,600,000.

The Supreme Court determined that the decision to deny the exemption was not arbitrary and capricious. Accordingly, it dismissed the petition.

The Supreme Court properly dismissed the petition. Pursuant to RPTL 420-a (3), "real property from which no revenue is derived shall be exempt though not in actual use * * * by reason of the absence of suitable buildings or improvements thereon if * * * the construction of such buildings or improvements is in progress or is in good faith contemplated by [the] corporation". Contemplation in good faith has been defined as an intention to make concrete and definite plans for utilizing and adopting the property for exempt purposes within the foreseeable future (see, Congregation K'hal Torath Chaim v Town of Ramapo, 72 AD2d 804).

The testimony adduced at the hearing indicated that even approximately six years after he had commenced the project, the petitioner's architect could still not provide an estimate as to when construction would be complete. Furthermore, the petitioner failed to submit any documentary proof of its efforts to obtain additional funding nor could it explain how it would now obtain the additional $1,600,000 needed to complete the project. In view of the foregoing, we conclude that the petitioner has no definite plans for utilizing the property within the foreseeable future and does not, within the intendment of

the statute, contemplate the construction needed to make the premises habitable.

Although the Supreme Court found the petitioner to be a nonprofit organization within the meaning of RPTL 420-a (1), it nevertheless dismissed the petition because the petitioner had failed to establish pursuant to RPTL 420-a (3) that improvement of the unutilized property was contemplated in good faith. Accordingly, because the judgment was entered in favor of the appellants-respondents, their rights would in no way be affected by a determination as to the Supreme Court's intermediate ruling, and the appeal of the Village of Hempstead and Firmbach from the order dated November 25, 1986 is therefore academic (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707). Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.