■ In the Matter of INWARD HOUSE CORPORATION, Appellant, v PATRICIA FREY, as Assessor of the Town of Liberty, Respondent. [642 NYS2d 400] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered June 12, 1995 in Sullivan County, which, in a proceeding pursuant to RPTL article 7, granted respondent's motion for summary judgment dismissing the petition.

Petitioner is the owner of a vacant store located in the Town of Liberty, Sullivan County. Respondent assessed the property for the year 1994 at $47,300. Petitioner challenged the assessment by filing a complaint with the Town's Board of Assessment Review (hereinafter the Board) dated May 23, 1994. According to petitioner, the property should have been declared tax exempt pursuant to RPTL 420-a. Admittedly, however, petitioner never filed an application for exemption with respondent prior to March 1, 1994, the taxable status date for that year. The Board rejected petitioner's challenge, prompting petitioner to commence this proceeding. After answering, respondent moved to dismiss the petition on the ground, *inter*

*alia,* that petitioner was not entitled to an exemption as a matter of law because it never filed an application for exemption with respondent pursuant to RPTL 420-a (11). Supreme Court granted the motion and petitioner appeals.

We affirm. RPTL 420-a (11) states that an exemption application pursuant to this statute "may be filed with the assessor * * * on or before the applicable taxable status date. Where the assessor receives no such application, the assessor may nevertheless grant the exemption provided the assessor personally inspects the property and certifies in writing that it satisfies all of the requirements for exemption." Here, as noted, the taxable status date was March 1, 1994 and concededly no application for exemption was filed prior to that time. Petitioner maintains that the use of the word "may" in relation to filing of the application indicates that the failure to do so does not preclude challenging the assessment after the taxable status date. We are of the view, however, that the clear wording of the statute manifests that the filing of an application before the taxable status date is a precondition to obtaining an exemption unless the assessor personally inspects the property. This conclusion is supported by the legislative findings and declaration for RPTL 420-a (11) which authorized the State Board of Equalization and Assessment "to require that application forms be filed prior to taxable status date *as a condition to entitlement to a tax exemption*" (L 1992, ch 261, § 1 [emphasis supplied]). In addition, we agree with Supreme Court that there is nothing in the statute indicating that an assessor is obligated to perform such an inspection for a taxpayer who fails to file a timely application.

In any event, the record reveals that the subject premises were not being used during the tax period at issue. There was also no evidence of any concrete plans at the time of assessment to put the property to an exempt use within the foreseeable future (*see,* RPTL 420-a [1]; *Economic Opportunity Commn. v Village of Hempstead,* 148 AD2d 570, *lv denied* 74 NY2d 608; *see also, Matter of Harlem Restoration Project v City of New York,* 150 AD2d 178, *appeal dismissed* 74 NY2d 735, *lv denied* 74 NY2d 614). Thus, Supreme Court properly determined that no exemption should be granted based on petitioner's claims that it had plans to develop the property for a tax exempt use.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order and judgment is affirmed, without costs.