■ In the Matter of CHAUTAUQUA RAILS TO TRAILS, INC., Appellant, v ASSESSORS OF TOWN OF CHAUTAUQUA et al., Respondents. [647 NYS2d 598] —Order unanimously affirmed without costs. Memorandum: Petitioner, a not-for-profit corporation, commenced this proceeding pursuant to RPTL article 7 against five towns in Chautauqua County, including the Towns of Chautauqua and Sherman (respondents). Petitioner contended that it was entitled to exemption from property taxes in 1995 because it qualified as a nonprofit organization under RPTL 420-a and 420-b. Supreme Court granted respondents' motion for summary judgment dismissing the petition on the ground that petitioner failed to raise an issue of fact whether, on the taxable status date, it contemplated in good faith making improvements to the property so that it may be used for exempt purposes in the reasonably foreseeable future (see, RPTL 420-a [1]; 420-b [1]; Congregation K'hal Torath Chaim v Town of Ramapo, 72 AD2d 804, 805; Matter of Faculty-Student Assn. v Sharkey, 35 AD2d 161, 163, affd 29 NY2d 621). We affirm.

Respondents met their initial burden on this motion. In opposition, petitioner submitted proof that it raised $118,000 from contributors, purchased rights of way on abandoned railroad property, and has 20 persons on its board of directors. "The fact that an exempt organization has purchased lots with the purpose of ultimately utilizing that property for tax exempt purposes is not sufficient" to entitle it to exemption under RPTL 420-a or 420-b (Congregation K'hal Torath Chaim v Town

*of Ramapo, supra,* at 805). Because petitioner's property was not in actual use for exempt purposes due to the "absence of suitable buildings or improvements thereon", petitioner was required to establish that construction of such buildings and improvements was in progress or was "in good faith contemplated" (RPTL 420-a [3]; 420-b [3]).

As petitioner conceded, suitable improvements were not in progress as of the taxable status date (*see,* RPTL 302 [1]), and, as the court found, petitioner submitted no proof that it contemplated in good faith making improvements to the property. The statement of petitioner's attorney in a memorandum sent to respondents that petitioner "is planning" to make various improvements is conclusory and thus insufficient to raise a triable issue of fact (*see, Putrino v Buffalo Athletic Club,* 82 NY2d 779, 781; *Zuckerman v City of New York,* 49 NY2d 557, 562). Thus, the court properly dismissed the petition. (Appeal from Order of Supreme Court, Chautauqua County, Ward, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.