In the Matter of MARBLE MASONIC HISTORICAL SOCIETY, Respondent, v TUCKAHOE ASSESSMENT REVIEW BOARD, Appel-

lant. [691 NYS2d 786] —In a proceeding pursuant to CPLR article 78 to review a determination of the Tuckahoe Assessment Review Board dated March 6, 1997, which denied the petitioner's application for an exemption from real property taxes pursuant to Real Property Tax Law § 420-b, the appeal is from a judgment of the Supreme Court, Westchester County (Dillon, J.), entered November 6, 1997, which granted the petition, annulled the determination, and granted the petitioner an exemption from real property taxes.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner, Marble Masonic Historical Society (hereinafter Marble), as the party seeking an exemption from real property taxes pursuant to Real Property Tax Law § 420-b, bore the burden of establishing its entitlement to an exemption (*see, Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y.,* 58 NY2d 95, 99-100). To satisfy that burden, Marble had to demonstrate, *inter alia*, that its property was used exclusively for one or more of the exempt purposes set forth in the statute (*see, Matter of Syracuse Council v Srogi,* 116 Misc 2d 394, 395). Given that Marble failed to demonstrate that it had actually used the property exclusively for an exempt historical purpose and that Marble presented no evidence concerning a tenant who occupied up to 40% of the premises, there was a rational basis for the determination of the Tuckahoe Assessment Review Board that Marble failed to establish its entitlement to an exemption from real estate taxes (*see,* Real Property Tax Law § 420-b; *Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y., supra; Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Chautauqua Rails* to *Trails v Assessors of Town of Chautauqua,* 231 AD2d 878; *Matter of Inward House Corp. v Frey,* 227 AD2d 845; *Economic Opportunity Commn. v Village of Hempstead,* 148 AD2d 570). S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.