■ In the Matter of PELHAM MASONIC HISTORICAL SOCIETY OF CITY ISLAND, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK, Respondent. [697 NYS2d 276] —Order, Supreme Court, Bronx County (George Friedman, J.), entered June 25, 1998, which denied and dismissed petitioner's CPLR article 78 proceeding to annul and vacate respondent's determination

denying petitioner an exemption from real property taxes pursuant to Real Property Tax Law § 420-b, unanimously affirmed, without costs.

Petitioner, as the party seeking exemption from real property taxes, bore the burden of establishing its entitlement thereto (see, Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y., 58 NY2d 95, 99-100). To satisfy that burden, it was required to demonstrate, inter alia, that its property was used exclusively for one or more of the exempt purposes set forth in the statute (see, Matter of Syracuse Council of Am. Youth Hostels v Srogi, 116 Misc 2d 394, 395, affd 90 AD2d 674, lv denied 58 NY2d 606). Given petitioner's failure to demonstrate it had actually used the subject property "exclusively" for an exempt historical purpose, or that it "owned" the property (Real Property Tax Law § 420-b [1] [a]), or that it was organized in good faith for historical purposes (Real Property Tax Law § 420-b [1] [c]), there was a rational basis for denial of an exemption (Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y., supra; Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). Concur—Ellerin, P. J., Williams, Wallach, Buckley and Friedman, JJ.