■ TOWN OF MOUNT PLEASANT, Appellant, v LEGION OF CHRIST, INC., Respondent. [800 NYS2d 34]—

In an action for a judgment declaring that the defendant's use of the subject property does not comply with the zoning provisions of the Town of Mount Pleasant Code, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated February 3, 2004, which declared, inter alia, that the defendant's use of the subject property does comply with the zoning provisions of the Town of Mount Pleasant Code, the defendant's use of the property is not that of a private college, and the plaintiff's interpretation of the zoning provisions of the Town of Mount Pleasant Code violates the Religious Land Use and Institutionalized Persons Act of 2000, and awarded the defendant legal fees in the action pursuant to 42 USC § 1988.

Ordered that the judgment is reversed, on the law and the facts, with costs, and it is declared that the defendant's use of the subject property, in part, as a private college does not comply with the zoning provisions of the Town of Mount Pleasant Code, that the defendant's use of the property is, in part, that of a private college requiring an application for a special permit, and that the plaintiff's interpretation of the zoning provisions of the Town of Mount Pleasant Code does not violate the Religious Land Use and Institutionalized Persons Act of 2000.

The Supreme Court erred in declaring that the defendant's use of the subject property complied with the zoning provisions of the Town of Mount Pleasant Code, as the evidence introduced at trial showed that the property is used, in part, as a private college, a use that is not permitted in the subject zoning district without a special permit.

The Supreme Court also erred in declaring that the plaintiff's interpretation of the zoning provisions of the Town of Mount Pleasant Code violated the Religious Land Use and Institutionalized Persons Act of 2000 (42 USC § 2000cc *et seq.*) and in awarding the defendant legal fees pursuant thereto. Requiring a religious organization to go through the same special permit application process as a secular organization cannot be considered a substantial burden on the exercise of religious freedom (*see Civil Liberties for Urban Believers v City of Chicago*, 342 F3d 752, 761-762 [2003], *cert denied* 541 US 1096 [2004]; *cf. Cutter v Wilkinson*, — US —, 125 SCt 2113 [May 31, 2005]). S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.