In a proceeding pursuant to CPLR article 78 to review a determination partially revoking the petitioner’s tax exemption pursuant to Real Property Tax Law § 420-a, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated December 30, 2009, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The Supreme Court properly determined that the petitioner was not entitled to a full tax exemption pursuant to RPTL 420-a (1). The petitioner failed to demonstrate that its property was used exclusively for one or more of the exempt purposes set forth in RPTL 420-a (1) (a) (see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249 [1992]; Matter of Swedenborg Found, v Lewisohn, 40 NY2d 87, 93-94 [1976]; Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153 [1974]; Matter of Ecclesia Word Ministries Inti., Inc. v Brophy, 21 AD3d 372, 373 [2005]). Thus, there was a rational basis for the determination that the petitioner was not entitled to a full exemption from real estate taxes (see RPTL 420-a; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]; Matter of Ecclesia Word Ministries Inti., Inc. v Brophy, 21 AD3d at 373; Matter of Marble Masonic Historical Socy. v Tuckahoe Assessment Review Bd., 262 AD2d 487, 488 [1999]). Covello, J.P., Santucci, Balkin and Austin, JJ., concur.