■ In the Matter of LONG ISLAND COMMUNITY FELLOWSHIP, Respondent, v ASSESSOR OF TOWN OF ISLIP et al., Appellants. [944 NYS2d 303]—

In a consolidated proceeding pursuant to Real Property Tax Law article 7 and CPLR article 78, inter alia, to review a determination of the Board of Assessment Review of the Town of Islip dated June 26, 2006, that certain real property was not entitled to a tax exemption for tax year 2006/2007, the Assessor of the Town of Islip and the Board of Assessment Review of the Town of Islip appeal from a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered November 8, 2010, which, upon an order of the same court dated August 8, 2010, granted that branch of the petition which was pursuant to CPLR article 78, annulled the determination, and directed them to grant the petitioner's application for an exemption from real property taxation pursuant to RPTL 462 for tax year 2006/2007.

Ordered that the judgment is reversed, on the law, with costs, that branch of the petition which was pursuant to CPLR article 78 is denied, the determination is confirmed, that portion of the proceeding is dismissed on the merits, and the order is modified accordingly.

Prior to March 1, 2006, the taxable status date for tax year 2006/2007, the Long Island Community Fellowship (hereinafter LICF), owner of a parcel of residential real property in Bay Shore, filed an application with the Assessor of the Town of Islip (hereinafter the Assessor) for a real property tax exemption pursuant to RPTL 420-a. After the Assessor denied the application, and after the taxable status date had passed, LICF

filed an administrative complaint with the Board of Assessment Review of the Town of Islip (hereinafter the Board). Among other things, LICF claimed that it had submitted the incorrect application form and that it had, in fact, intended to apply for the parsonage exemption contained in RPTL 462. Attached to the administrative complaint was an application for the exemption pursuant to RPTL 462. The Board rejected the challenge, and LICF commenced proceedings pursuant to CPLR article 78 and Real Property Tax Law article 7, which were thereafter consolidated.

In an order dated August 8, 2010, and a judgment dated November 8, 2010, the Supreme Court, citing the federal Religious Land Use and Institutionalized Persons Act of 2000 (42 USC § 2000cc *et seq.* [hereinafter RLUIPA]), inter alia, granted that branch of the petition which was pursuant to CPLR article 78, annulled the determination, and directed the Assessor and the Board to grant the petitioner's application for an exemption pursuant to RPTL 462 for tax year 2006/2007. The Assessor and the Board appeal from the judgment, and we reverse.

Initially, the Supreme Court erred in concluding that there was a violation of the RLUIPA. The Assessor and the Board determined, among other things, that LICF had failed to properly file for an exemption pursuant to RPTL 462 and that, as such, they were constrained to review the application before them, which sought an exemption for property used exclusively for carrying out religious purposes pursuant to RPTL 420-a. Contrary to the determination by the Supreme Court, to require a religious organization to go through the same application process as a secular organization cannot be considered a substantial burden on the exercise of religious freedoms (*see Town of Mount Pleasant v Legion of Christ, Inc.*, 21 AD3d 368, 369 [2005], *mod* 7 NY3d 122 [2006], *cert denied* 549 US 1208 [2007]).

To the extent that the Assessor and the Board considered the application that was before them, which was for an exemption pursuant to RPTL 420-a, the Assessor and the Board properly determined that LICF was not entitled to that exemption. Indeed, LICF did not contend that the Assessor or the Board erred in denying it an exemption pursuant to that section, and did not claim that its property was in fact being used exclusively for carrying out religious purposes (*see* RPTL 420-a [1] [a]).

Furthermore, to the extent that the Assessor and the Board also determined, in effect, that the property was not entitled to an exemption pursuant to RPTL 462, that determination was not arbitrary and capricious or illegal. RPTL 462 provides that

an exemption from real property taxation may be granted pursuant to that section only upon application by the owner of the property "on a form prescribed or approved" by the Commissioner of Taxation and Finance (*id.*). The statute further provides that such application shall be filed with the assessor "on or before the taxable status date" (*id.*). As the statute makes clear, the timely filing of an application on the prescribed form is a prerequisite for entitlement to the exemption (*id.*; *see* L 1992, ch 261, § 1; *see also Matter of Inward House Corp. v Frey*, 227 AD2d 845, 846 [1996]).

Here, since LICF did not file an application for an exemption pursuant to RPTL 462 with the Assessor on the prescribed form prior to the taxable status date, it could not avail itself of the exception contained in that section (*see Matter of Colella v Board of Assessors of County of Nassau*, 266 AD2d 286, 287 [1999], *revd on other grounds* 95 NY2d 401 [2000]). Furthermore, although LICF submitted the application to the Board after the taxable status date had passed, a board of assessment review may not grant an exemption where a property owner failed to timely file an application for the exemption as required by the particular statute (*see* 8 Ops Counsel SBEA No. 38, at 77 [1984]).

Accordingly, that branch of the petition which was pursuant to CPLR article 78 must be denied, and the determination must be confirmed, that portion of the proceeding dismissed on the merits, and the order modified accordingly.

In light of the above determination, we need not consider the remaining contentions of the Assessor and the Board. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.