OPINION OF THE COURT
Kathy J. King, J.
Petitioner, 96 Wythe Acquisition LLC, moves pursuant to *751 Civil Practice Law and Rules article 78, for a judgment declaring the August 25, 2014 determination of respondent, the Commissioner of Finance of the City of New York (referred to with the New York City Department of Finance collectively as DOF), arbitrary and capricious. Said determination denied tax abatement benefits to petitioner for its construction project. Petitioner also seeks an order directing respondent to grant petitioner industrial and commercial abatement program (ICAP) benefits for its project. Respondent cross-moves for dismissal of the petition pursuant to CPLR 3211 (a) (7).
Background
This action involves the commercial development of real property owned by petitioner, known as 96 Wythe Avenue, Brooklyn, New York. Petitioner is a limited liability company formed for the purpose of acquiring the property at 96 Wythe Avenue, Brooklyn, New York, and constructing a luxury hotel thereon. In April of 2013, petitioner filed new building construction plans with the New York City Department of Buildings (DOB) for the project. After receiving approval for its plans, petitioner filed a preliminary ICAP application with DOF on April 25, 2013. The preliminary application was acknowledged by letter from DOF on April 29, 2013 which contained the following language:
“IMPORTANT: The Final Application must be filed within one (1) year after the building permit is received. If no building permit is required, the Final Application must be filed within one (1) year of the date construction is commenced. This is a hard one (1) year deadline with no exceptions.”
On July 24, 2014, petitioner filed its final application for ICAP benefits with respondent. The final application form asked whether a building permit had been issued, and if so, the date issued. In response, petitioner checked “yes,” and responded “11/29/2013.” By letter dated August 25, 2014, DOF issued a determination denying petitioner’s application for ICAP benefits because the final application, dated July 24, 2014, was filed more than one year after the issuance of the initial building permit, dated May 30, 2013.
Petition
Petitioner asserts that the denial of its application for ICAP benefits was arbitrary and capricious as it failed to properly consider the facts underlying its ICAP application. Alterna *752 tively, petitioner argues that Administrative Code of the City of New York § 11-270 (e) (1) (b) is unconstitutionally vague and, thus, violates due process because the ICAP statute uses the issuance of the first building permit for construction work as the benchmark for the filing of the final application, but the statute does not provide a definition of “first building permit for construction work.”
In opposition, respondent cross-moves for dismissal of the petition. Respondent asserts that its determination was entirely reasonable based on the applicable statute and documentary evidence, which demonstrates that several permits, including a new building permit, for the construction of petitioner’s hotel were first issued on May 30, 2013, and that petitioner did not file its final application seeking ICAP benefits until July 24, 2014. As such, respondent asserts that its determination was neither arbitrary nor capricious or an abuse of discretion.
Discussion
CPLR 7803 provides, in relevant part, that
“[t]he only questions that may be raised in a proceeding under this article are:
“1. whether the body or officer failed to perform a duty enjoined upon it by law; or
“2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
“3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
“4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.”
Pursuant to said provision, it is axiomatic that in an article 78 proceeding the court’s function is to determine whether the action of an administrative agency had a rational basis or was arbitrary and capricious (see e.g. Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 *753 [1974]). “It is well settled that in reviewing administrative action a court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious” (Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 194 [1981]; see Pell, 34 NY2d at 231-232 [1974]). Judicial review of a determination by an administrative agency such as the DOF is limited to whether its determination was illegal, arbitrary, or an abuse of discretion, and whether it had a rational basis and is supported by substantial evidence in the record (see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals, 95 NY2d 437, 440 [2000]; Matter of Consolidated Edison Co. of N.Y. v Hoffman, 43 NY2d 598, 608 [1978]). “An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts” (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable (see id.). A reviewing court should look to the “whole record to determine whether there exists a rational basis to support the findings upon which the agency’s determination is predicated” (Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]).
Here, the court finds that DOF’s decision of August 25, 2014 denying petitioner’s final application for ICAP benefits was not arbitrary or capricious nor an abuse of discretion. Essentially, petitioner has advanced two arguments against granting respondent’s motion to dismiss. First, DOF’s determination was arbitrary and capricious due to the ambiguity over the statutory meaning of the word “first” in reference to the building permit dated May 30, 2013; second, the ICAP statutory language is unconstitutionally vague and as a consequence it violates petitioner’s due process rights. The court notes that petitioner has not advanced an outright “equitable” argument in this action besides alleging the result would be “harsh” should the respondent’s motion be granted.
Petitioner’s assertion that the statute’s use of the word “first” instead of “initial” gives rise to ambiguity in the law is without merit. It is well-settled law that tax benefits and exemptions, such as an abatement, are narrowly construed in favor of the taxing authority (see Matter of Mobil Oil Corp. v Finance Adm’r of City of N.Y., 58 NY2d 95, 99 [1983]; Matter of Grace v New York State Tax Commn., 37 NY2d 193, 196 [1975]). Petitioner’s *754 attempt to muddy the record by harping on an alleged distinction between “initial” versus “first” is a red herring. The words “first” and “initial” are synonyms for one another.
As the record clearly indicates, the DOB issued the “first” or “initial” building permit to the petitioner on May 30, 2013. Thus, the final date on which the petitioner could have filed its final ICAP application was May 30, 2014. The final application was filed on July 24, 2014, nearly two months after the statutory period for filing the final application had expired. There is no conceivable way to construe the subsequent November 2013, or the February 2014, DOB building permits as the “initial” or “first” permit authorizing construction on the subject plot of land. In fact, the DOB building information system does not show one building permit issued to the petitioner in February 2014, for renewal or otherwise. Moreover, in order to prevail over strict construction in favor of the taxing authority, the petitioner must show that its interpretation of the statute is the only reasonable construction (see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin., 83 NY2d 44, 49 [1993]). Petitioner has failed to show its interpretation of the statute is the only reasonable interpretation. Crying unconstitutional ambiguity in statutory construction due to a perceived, but nonexistent, difference between the words “first” and “initial” is unpersuasive, and does not support petitioner’s contention regarding reasonable statutory interpretation. Furthermore, petitioner offers no excuse for its untimely filing, which does not justify an equitable result in its favor.
Petitioner’s application is denied and respondent’s motion to dismiss the petition is granted.