Matter of Loyal Order of the Moose 1421 v Board of Assessors (2023 NY Slip Op 02877)

Matter of Loyal Order of the Moose 1421 v Board of Assessors

2023 NY Slip Op 02877

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-01862
 (Index No. 614404/17)

[*1]In the Matter of Loyal Order of the Moose 1421, respondent, 
v
Board of Assessors, et al., appellants.

Scott DeSimone, P.C., Peconic, NY, for appellants.
Lite & Russell, PLLC, West Islip, NY (Justin Lite of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2017/2018 tax year, Board of Assessors and Board of Assessment Review of the Town of Babylon appeal from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated March 1, 2021. The order granted the petitioner's motion for summary judgment on the petition and denied the cross-motion of Board of Assessors and Board of Assessment Review of the Town of Babylon for summary judgment dismissing the petition.
ORDERED that the order is reversed, on the law, with costs, the petitioner's motion for summary judgment on the petition is denied, and the cross-motion of Board of Assessors and Board of Assessment Review of the Town of Babylon for summary judgment dismissing the petition is granted.
In 2017, the petitioner, Loyal Order of the Moose 1421, as an alleged benevolent organization, filed an application for a real property tax exemption pursuant to Real Property Tax Law § 420-b for the 2017/2018 tax year with regard to certain real property located in Lindenhurst. The Assessor of the Town of Babylon denied the petitioner's application on the ground that fraternal organizations are not entitled to the subject real property tax exemption. The petitioner then filed a complaint with the Board of Assessment Review of the Town of Babylon (hereinafter the Board of Assessment Review) regarding the real property tax assessment of the property for the 2017/2018 tax year, alleging that the assessment was unlawful because the property is owned by a benevolent organization and, thus, wholly exempt from taxation. The Board of Assessment Review denied the complaint.
Thereafter, the petitioner commenced this proceeding pursuant to Real Property Tax Law article 7 against Board of Assessors and the Board of Assessment Review (hereinafter together the appellants) to review the real property tax assessment of the property for the 2017/2018 tax year. The petitioner alleged, inter alia, in effect, that the tax assessment was unlawful, as the property is entitled to a full exemption.
Subsequently, the petitioner moved for summary judgment on the petition, and the [*2]appellants cross-moved for summary judgment dismissing the petition. In an order dated March 1, 2021, the Supreme Court granted the petitioner's motion and denied the appellants' cross-motion. This appeal ensued.
As relevant here, Real Property Tax Law § 420-b(1)(a) provides that "[r]eal property owned by a corporation or association which is organized exclusively for . . . benevolent . . . purposes, . . . and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association, . . . shall be exempt from taxation." Thus, in order to establish its entitlement to the subject real property tax exemption, the petitioner was required to demonstrate that it was the owner of the property, that the petitioner was organized exclusively for benevolent purposes, and that the property was used exclusively for benevolent purposes (see Matter of Pelham Masonic Historical Socy. of City Is. v Tax Commn. of City of N.Y., 266 AD2d 7, 8). In the context of real property tax exemption statutes, the word "exclusive" has been held to mean "principal" or "primary" (Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 214 [internal quotation marks omitted]; see Matter of Symphony Space v Tishelman, 60 NY2d 33, 38; Matter of Association of the Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153).
Here, contrary to the Supreme Court's determination, the petitioner failed to establish, prima facie, that it was organized primarily for benevolent purposes and that the property was used primarily for benevolent purposes. On the other hand, the appellants demonstrated that the petitioner is a subordinate lodge of Moose International, Inc., which the United States Treasury Department has determined to be a fraternal organization; has been granted a group federal income tax exemption pursuant to Internal Revenue Code (26 USC) § 501(c)(8), which is applicable to fraternal organizations; and, while having some benevolent and charitable purposes, also is "devoted" to fraternalism (10 Ops Counsel SBRPS No. 43). "Where fraternalism is more than just an incidental purpose or use, an exemption is not possible under section 420-a or 420-b" (id.).
Accordingly, the Supreme Court should have denied the petitioner's motion for summary judgment on the petition and granted the appellants' cross-motion for summary judgment dismissing the petition (see Matter of Pelham Masonic Historical Socy. of City Is. v Tax Commn. of City of N.Y., 266 AD2d at 8; see also 10 Ops Counsel SBRPS No. 43; cf. Matter of Syracuse Council of Am. Youth Hostels v Srogi, 116 Misc 2d 394, 396-397 [Sup Ct, Onondaga County], affd 90 AD2d 674).
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court